## DENNIS RAFFERTY ET AL. *v.* NOTO BROTHERS CONSTRUCTION, LLC, ET AL.
### (AC 21131)

Foti, Schaller and Cretella, Js.

Argued September 18, 2001—officially released March 26, 2002

*Michael S. McKenna,* for the appellants (defendants).

*Christopher P. Norris*, with whom was *William R. Donaldson*, for the appellees (plaintiffs).

*Opinion*

CRETELLA, J. The defendants, Noto Brothers Construction, LLC, and Anthony Noto and Heidi Noto, appeal from the order of the trial court granting the application for a prejudgment remedy filed by the plaintiffs, Dennis Rafferty and Eugenia Rafferty. The defendants claim that the court improperly (1) permitted the plaintiffs to proceed on an application for a prejudgment remedy that failed to comply with the prejudgment remedy statutes, General Statutes § 52-278a et seq., in that it failed to set forth the amount of the remedy requested as required by General Statutes § 52-278c (b), (2) refused to consider any potential counterclaim to be asserted by the defendants when acting on the plaintiffs' application and (3) issued an order of attachment that failed to comply with General Statutes § 52-278d. We agree in part and reverse the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendants' appeal. On or about April 24, 1999, the parties entered into a written contract for the purchase of certain real estate in New Milford and for the construction of a single-family dwelling to be built thereon at a total cost of $209,900. Pursuant to the contract, the plaintiffs paid to the defendants a binder and deposit in the amount of $21,000. In October, 1999, the parties also contracted for the purchase and sale of an additional adjacent lot.

As the result of a subsequent dispute concerning modifications to the original construction contract, the defendants notified the plaintiffs that they were terminating both contracts. In response, the plaintiffs filed a breach of contract action requesting specific performance, damages and injunctive relief. Sometime after the plaintiffs had commenced their action, they filed

an application for a prejudgment remedy, which is the subject of this appeal.

As originally drafted and submitted to the court, the application for the prejudgment remedy requested that the court order the defendants to vacate the contested property pending the outcome of the litigation.[1] The court, recognizing that injunctive relief can not be granted within the purview of the prejudgment remedy statutes,[2] allowed the plaintiffs to orally amend their request for relief at the prejudgment remedy hearing and to seek an order of attachment. Following the hearing, the court issued an order requiring the defendants to place the plaintiffs' initial deposit of $21,000 into an escrow account pending the outcome of the litigation. The court further ordered that the monthly rent being received by the defendants from the third party tenant also be placed into that escrow account. This appeal followed.

I

The first claim that the defendants raise is that the court improperly permitted the plaintiffs to proceed on an application for a prejudgment remedy that failed to set forth the amount of the remedy sought. We disagree.

The plaintiffs concede that they did not specify the amount of damages sought in their initial application for a prejudgment remedy, but rather, at the invitation of the court, referred the court to the damages alleged in their complaint. Thus, in considering the defendants'

[1] At the time that the plaintiffs filed their application, they believed that the defendants themselves were occupying the premises. Prior to the hearing on their application, they learned that the house was being rented to a third party.

[2] See *Rhode Island Hospital Trust National Bank* v. *Trust*, 25 Conn. App. 28, 592 A.2d 417 (holding that relief expressly limited to four categories enumerated in General Statutes § 52-278a [d], i.e., attachment, foreign attachment, garnishment, replevin), cert. granted, 220 Conn. 904, 593 A.2d 970 (1991) (appeal withdrawn July 10, 1992).

claim, we must determine whether the court was authorized to modify the plaintiffs' application such that the requested relief would satisfy the procedural requirements of § 52-278d.

"Appellate review of a trial court's broad discretion to deny or grant a prejudgment remedy is limited to a determination of whether the trial court's rulings constituted clear error." *State* v. *Ham*, 253 Conn. 566, 568, 755 A.2d 176 (2000).

General Statutes § 52-278d (a) provides in relevant part that a hearing on a prejudgment remedy "shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or modified by the court. . . ."

The defendants' objection to the propriety of the court's action is not persuasive. Section 52-278d explicitly provides that an application for a prejudgment remedy may be granted as requested or as modified by the court. All the parties were before the court and were prepared to proceed on the application as originally submitted. The defendants were on notice as to the damages claims being asserted against them, as those claims were taken directly from the complaint, which

previously had been served on them. The defendants did not object to going forward on the amended application and were sufficiently prepared for the hearing as carried out such that they were able to assert, albeit unsuccessfully, a proposed counterclaim as a defense to the application. We conclude, therefore, that it was not an abuse of the court's discretion to allow the plaintiffs to orally amend their application and to entertain the amended application at the prejudgment remedy hearing. See *Haxhi* v. *Moss*, 25 Conn. App. 16, 17 n.1, 591 A.2d 1275 (1991) (defendant allowed orally to amend motion to dissolve prejudgment attachment after hearing to seek, in alternative, modification of attachment).

II

The defendants' next claim is that the court improperly failed to comply with § 52-278d when it refused to consider the defendants' potential counterclaim during the prejudgment remedy hearing. The defendants had argued, both in their written opposition to the plaintiffs' application for the prejudgment remedy and in the hearing on that application, that they intended to raise counterclaims in the main action. The court, however, refused to consider evidence relating to the potential counterclaims because the defendants had not actually filed the counterclaims at the time of the hearing on the prejudgment remedy. We agree with the defendants that the court should have considered the potential counterclaims.

The defendants' claim requires us to determine the scope of the requirement in § 52-278d that a court shall consider counterclaims during a hearing on an application for a prejudgment remedy. Because the issue is one of statutory construction, our review is plenary. "In construing statutes, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent,

we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation . . . ." (Internal quotation marks omitted.) *State* v. *Gibbs*, 254 Conn. 578, 601–602, 758 A.2d 327 (2000). "In applying [the principles of statutory construction], we keep in mind that the legislature is presumed to have intended a reasonable [and] just . . . result." *Gelinas* v. *West Hartford*, 65 Conn. App. 265, 276, 782 A.2d 679, cert. denied, 258 Conn. 926, 783 A.2d 1028 (2001).

Section 52-278d explicitly directs the trial court to take into account any counterclaims raised by a party in determining whether there is probable cause that a judgment in the amount sought by the applicant will be rendered. The statute provides in relevant part that the probable cause finding made during a prejudgment remedy hearing and any resulting order shall be made "upon consideration of the facts before [the court] and taking into account *any* defenses, counterclaims or setoffs . . . ." (Emphasis added.) General Statutes § 52-278d (a). We note the absence of any qualifying language that would condition a court's obligation to do so on the manner in which the counterclaim has been raised.

The other sections of the prejudgment remedy statutes support a broad interpretation of the mandate in § 52-278d. General Statutes § 52-278c (e), prescribing the documents to be submitted to the court in connection with an application for a prejudgment remedy, contains the following language to be included in an accompanying notice and claim form: "YOU HAVE RIGHTS SPECIFIED IN THE CONNECTICUT GENERAL STATUTES . . . THAT YOU MAY WISH TO EXERCISE CONCERNING THIS APPLICATION FOR A PREJUDGMENT REMEDY. THESE RIGHTS INCLUDE THE RIGHT TO A HEARING: (1) TO OBJECT TO THE PROPOSED PREJUDGMENT REMEDY BECAUSE

YOU HAVE A DEFENSE TO OR SET-OFF AGAINST THE ACTION OR A COUNTERCLAIM AGAINST THE PLAINTIFF . . . ." General Statutes § 52-278c (g), which sets forth the procedure for contesting an application for a prejudgment remedy, provides in relevant part: "A defendant may request a hearing to contest the application for a prejudgment remedy, assert any exemption or make a request concerning the posting or substitution of a bond. The hearing may be requested by any proper motion or by return to the Superior Court of a signed claim form that indicates, by the checking of the appropriate box on the claim form, whether the claim is an assertion of a defense, counterclaim, set-off or exemption . . . ."

It also is instructive to compare the language of §§ 52-278c and 52-278d with that of General Statutes § 52-278e, which permits an applicant to petition the court for the issuance of a prejudgment remedy without a hearing. Section 52-278e provides in relevant part that the plaintiff must file an affidavit "setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . taking into account any *known* defenses, counterclaims or set-offs will be rendered in the matter in favor of the plaintiff . . . ." (Emphasis added.) The distinction raised in § 52-278e, requiring merely that known counterclaims be addressed in the absence of a hearing, strongly suggests that where a hearing is provided, a defendant may raise its counterclaim for the first time in that forum.

The legislative history of the prejudgment remedy statutes also supports that conclusion. Connecticut's prejudgment remedy statutes were adopted in response to a line of United States Supreme Court cases prescribing the standards of procedural due process in the area of property rights, foremost among them the opportunity to be heard at a meaningful time and in a meaningful

manner.[3] *Roundhouse Construction Corp.* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 377–78, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), aff'd on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); 16 H.R. Proc., Pt. 12, 1973 Sess., pp. 5834–42. The statutes were enacted in response to the constitutional requirements set forth in those cases by providing for notice to the debtor and for a hearing prior to any attachment of property. 16 H.R. Proc., supra, pp. 5834–42.

In 1993, the legislature adopted the law revision commission's recommendations that language directing the court to consider defenses, counterclaims and setoffs be included in the prejudgment remedy statutes. See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 11, 1993 Sess., pp. 3821–28, testimony of David L. Hemond, chief attorney, law revision commission, in favor of House Bill No. 7329, No. 93-431 of the 1993 Public Acts, "An Act Concerning Prejudgment Remedies," April 22, 1993. As a consequence, several sections of the prejudgment remedy statutes were amended to require trial courts to consider defenses, counterclaims and setoffs in making probable cause determinations.[4]

[3] See *Fuentes* v. *Shevin*, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972); *Lynch* v. *Household Finance Corp.*, 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424 (1972); *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969). Although subsequent cases have held that a hearing prior to the entry of a prejudgment remedy is not an absolute necessity, the opportunity to be heard at a meaningful time and in a meaningful manner remains a fundamental principle of due process that may not be dispensed with. See *Roundhouse Construction Corp.* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 377–78, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), aff'd on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976).

[4] We also note that as a result of that concern, the 1993 amendments substituted a finding of probable cause that judgment will at least be in the amount sought in the application and that the remedy should be granted for a finding of probable cause merely to sustain the validity of the plaintiff's claim. See General Statutes §§ 52-278c, 52-278d.

On their face, those changes reflect a new emphasis on ensuring that the size of the prejudgment remedy is proportionate to the actual damages that the plaintiff is likely to recover. In adopting the amendments, the legislature recognized that the typical prejudgment remedy application often is made at a preliminary stage of litigation before the complaint is even served on the defendant. See 36 H.R. Proc., Pt. 31, 1993 Sess., pp. 11,219–31, remarks of Representative Richard D. Tulisano. Accordingly, we find it likely that the legislature anticipated that the hearing itself would serve as a forum in which the defendant could raise defenses related to the prejudgment remedy.

We conclude that the position of the court, i.e., that it can consider only a well pleaded counterclaim, does not conform to the legislative amendment of the prejudgment remedy statutes to include language that any counterclaims should be considered. Accordingly, we agree that the court improperly refused to consider the potential counterclaim asserted by the defendants.

### III

The defendants' last claim is that the prejudgment remedy ordered by the court was improper because it lacked the specificity required by § 52-278d. We agree.

We have held that in an application for a prejudgment remedy, the amount of damages need not be determined with mathematical precision. *Burkert* v. *Petrol Plus of Naugatuck, Inc.*, 5 Conn. App. 296, 301, 497 A.2d 1027 (1985). A " 'fair and reasonable estimate' " of the likely potential damages is sufficient to support the entry of a prejudgment attachment. Id. Nevertheless, the plaintiff bears the burden of presenting "evidence which affords a reasonable basis for measuring her loss." (Internal quotation marks omitted.) *Spera* v. *Audiotape Corp.*, 1 Conn. App. 629, 633, 474 A.2d 481 (1984); see

*Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*,
172 Conn. 577, 584–86, 376 A.2d 60 (1977).

During the hearing, the plaintiffs referred the court
to their complaint in support of their claim for damages.
The plaintiffs based their claim for a prejudgment
attachment on (1) the difference between the contract
price and the current value of the property, (2) the
increase in the cost of funds since the original loan
commitment had been obtained, (3) attorney's fees and
litigation costs, and (4) the moneys expended to move
and to store the plaintiffs' personal belongings.

Despite the evidence presented at the hearing, the
court did not make a finding of probable damages. Such
a finding is an integral part of the probable cause deter-
mination. See *Ledgebrook Condominium Assn., Inc.* v.
*Lusk Corp.*, supra, 172 Conn. 584–86. Section 52-278d
permits an applicant to seek either an attachment of
sufficient property or a garnishment to secure a speci-
fied sum and authorizes the court to order such attach-
ment only as is necessary to secure that sum. Thus, the
prejudgment remedy must correspond to the applicant's
estimated damages. Here, the court ordered an attach-
ment of rental income that had no fixed monetary value
assigned to it and potentially is unlimited as to the time
during which attached assets can continue to accumu-
late in the escrow account.[5] Because the court failed
to specify the sum to be secured, we conclude that the
prejudgment remedy entered by the court was beyond
the scope authorized by § 52-278d and was, there-
fore, improper.

The judgment is reversed and the case is remanded
with direction to vacate the order granting the plaintiffs'

---

[5] Indeed, the court went beyond merely ordering the escrow of a specific
monthly sum for an indeterminate length of time. Instead, the court ordered
that the monthly rental payments, "whatever the amount," be escrowed.
The court specifically stated that its order encompassed any increases in
rent that might occur.

application for a prejudgment remedy and for further proceedings as may be required.

In this opinion the other judges concurred.