TES FRANCHISING, LLC *v.* RICHARD FELDMAN
(SC 17867)

Rogers, C. J., and Norcott, Katz, Zarella and Schaller, Js.

Argued October 15, 2007—officially released March 25, 2008

*Charles D. Ray*, with whom were *Vanessa D. Roberts* and *Mario G. Ceste*, for the appellant (defendant).

*Scott C. Kern*, with whom, on the brief, was *Janine Hodgson*, for the appellee (plaintiff).

*Opinion*

ROGERS, C. J. This appeal addresses issues arising from a trial court's determination of probable cause in granting a prejudgment remedy. The defendant, Richard Feldman, appeals from the trial court's order granting a prejudgment remedy in favor of the plaintiff, TES Franchising, LLC, upon a finding of probable cause that the defendant had breached a settlement agreement by disclosing confidential information and making disparaging remarks about the plaintiff. On appeal, the defendant claims that the trial court, *Lopez, J.*, improperly: (1) granted the prejudgment remedy because the trial court's memorandum of decision does not address adequately the defendant's defenses and counterclaims as required by General Statutes § 52-278d (a);[1] (2) found that the defendant had breached the settlement agreement because the evidence was insufficient to

---

[1] General Statutes § 52-278d (a) provides in relevant part: "The [probable cause] hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. . . ."

prove that he had made disparaging remarks about the plaintiff or had disclosed confidential information; and (3) awarded liquidated damages and attorney's fees in calculating the prejudgment remedy. We reverse the decision of the trial court as to the award of attorney's fees only, and affirm the judgment in all other respects.

The record reveals the following relevant facts and procedural history. The parties, who were involved in a franchisor-franchisee relationship,[2] executed a settlement agreement in 2005 to resolve a dispute over the plaintiff's business practices and to sever what had become a contentious business relationship. The settlement agreement prohibited the parties from making disparaging remarks about each other and specifically prohibited the defendant from divulging confidential information about the plaintiff. The settlement agreement also provided that, should the defendant breach the agreement by disclosing confidential information about the plaintiff, the defendant would pay the plaintiff $49,000 for each violation.

Thereafter, the plaintiff commenced the present action alleging that the defendant had made disparaging remarks about the plaintiff and had disclosed confidential information in violation of the settlement agreement when he contacted as many as thirty state regulatory agencies[3] to complain about the plaintiff's business

[2] The plaintiff operates a franchising consulting business as a broker between third party companies offering franchise opportunities and prospective franchisees, and the defendant purchased a franchise from the plaintiff in 2002.

[3] In their representations to this court, the parties disagreed on the number of state agencies the defendant had contacted to complain about the plaintiff. Although the trial court made no explicit findings as to the precise number, the court acknowledged the defendant's testimony that he had e-mailed thirty state agencies. The defendant also testified, however, that he could only identify five state agencies out of the thirty that he had contacted. Regardless, the exact number of agencies contacted is irrelevant to our analysis of the defendant's claims on appeal because we conclude, as discussed hereinafter, that there was sufficient evidence for the trial court to issue the prejudgment remedy.

practices.[4] The plaintiff alleged breach of contract and
sought injunctive relief and damages stemming from
the defendant's disclosures. The plaintiff also sought,
and was granted, a temporary injunction against the
defendant, who was ordered by the trial court to abide
by the settlement agreement's prohibition against dis-
paraging remarks and the disclosure of confidential
information. The plaintiff then filed an application for
a prejudgment remedy, which the trial court granted in
the amount of $245,000 to secure any future judgment
for lost profits and attorney's fees. The defendant there-
after moved for articulation of the trial court's order
granting the prejudgment remedy, but the trial court
denied his request for elaboration of the court's grounds
for rejecting his defenses and counterclaims. The Appel-
late Court subsequently granted the defendant's motion
for review, but denied the requested relief for articula-
tion. This appeal followed.[5]

We begin with the law governing prejudgment reme-
dies and our limited role on review. "A prejudgment
remedy 'means any remedy or combination of remedies
that enables a person by way of attachment, foreign
attachment, garnishment or replevin to deprive the
defendant in a civil action of, or affect the use, posses-
sion or enjoyment by such defendant of, his property

[4] Specifically, the defendant had e-mailed state regulatory authorities alleg-
ing that: (1) he had entered into the settlement agreement under financial
duress and threat of wrongful legal action against him by the plaintiff; (2)
the plaintiff previously had breached the settlement agreement by not paying
the defendant an outstanding fee under the agreement; and (3) the plaintiff
had engaged in deceptive business practices to inflate the franchises' earning
potential. The trial court found that the defendant did not deny that he had
sent the e-mail, an identical copy of which was sent to all agencies contacted,
and a copy of the e-mail was admitted into evidence.

[5] The defendant appealed from the trial court's decision granting the plain-
tiff's request for a prejudgment remedy to the Appellate Court, and we
transferred the appeal to this court pursuant to General Statutes § 51-199
(c) and Practice Book § 65-1. The grant of a prejudgment remedy is a final
judgment that may be appealed pursuant to General Statutes § 52-278*l* (a).

prior to final judgment . . . .' General Statutes § 52-278a (d). A prejudgment remedy is available upon a finding by the court that 'there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . .' General Statutes § 52-278d (a) (1)." *Margolin* v. *Kleban & Samor, P.C.*, 275 Conn. 765, 767–68 n.3, 882 A.2d 653 (2005). "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence." *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, 172 Conn. 577, 584, 376 A.2d 60 (1977). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Wall* v. *Toomey*, 52 Conn. 35, 36 (1884). "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." *New England Land Co., Ltd.* v. *DeMarkey*, 213 Conn. 612, 620, 569 A.2d 1098 (1990). Under this standard, "the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 156, 595 A.2d 872 (1991).

"As for our standard of review, we have stated: This court's role on review of the granting of a prejudgment remedy is very circumscribed. *Three S. Development Co.* v. *Santore*, [193 Conn. 174, 176, 474 A.2d 795 (1984)]. In its determination of probable cause, the trial court is vested with broad discretion which is not to be overruled in the absence of clear error. *Augeri* v. *C. F. Wooding Co.*, 173 Conn. 426, 429, 378 A.2d 538 (1977).

. . . Since *Augeri* . . . we have consistently enunci-
ated our standard of review in these matters. In the
absence of clear error, this court should not overrule
the thoughtful decision of the trial court, which has
had an opportunity to assess the legal issues which may
be raised and to weigh the credibility of at least some
of the witnesses. *Three S. Development Co.* v. *Santore*,
supra, [176] . . . . [On appeal], therefore, we need
only decide whether the trial court's conclusions were
reasonable under the clear error standard. *Solomon* v.
*Aberman*, [196 Conn. 359, 364, 493 A.2d 193 (1985)]."[6]
(Citations omitted; internal quotation marks omitted.)
*New England Land Co., Ltd.* v. *DeMarkey*, supra, 213
Conn. 620–21.

I

Guided by these principles, we turn to the defendant's
first claim on appeal, namely, that the trial court improp-
erly granted the prejudgment remedy in light of the
following defenses and counterclaims raised by the

---

[6] We take this opportunity to clarify the distinction between the clear
error and the abuse of discretion standards of review in the prejudgment
remedy context, which our past cases have appeared to use synonymously.
See *William M. Raveis & Associates, Inc.* v. *Kimball*, 186 Conn. 329, 337,
441 A.2d 200 (1982); *Augeri* v. *C. F. Wooding Co.*, supra, 173 Conn. 429, 431.
Because we have employed both standards, and given our well established
emphasis that the trial court has a great degree of discretion in ruling on
an application for a prejudgment remedy; see, e.g., *Greenberg, Rhein &
Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 169,
588 A.2d 185 (1991); *Solomon* v. *Aberman*, supra, 196 Conn. 364; *Augeri* v.
*C. F. Wooding Co.*, supra, 429; we conclude that the clear error standard
in this context is a heightened standard of deference that exceeds the level
of deference afforded under the abuse of discretion standard. Therefore,
this court will overrule the trial court's determination on a prejudgment
remedy only if we are left with the "definite and firm conviction that a
mistake has been committed." (Internal quotation marks omitted.) *Northeast
Ct. Economic Alliance, Inc.* v. *ATC Partnership*, 272 Conn. 14, 56, 861 A.2d
473 (2004) (defining clear error review in appeal from condemnation award);
see also *Marlin Broadcasting, LLC* v. *Law Office of Kent Avery, LLC*, 101
Conn. App. 638, 648, 922 A.2d 1131 (2007) (applying clear error standard in
reviewing grant of prejudgment remedy).

defendant: (1) the settlement agreement is void as against public policy because it prevents the defendant from contacting state regulators about the plaintiff's allegedly illegal business practices; (2) the defendant is entitled to quasi-judicial immunity because his statements were made to regulatory and law enforcement agencies; (3) the action against the defendant is an invalid strategic lawsuit against public participation (a type of vexatious litigation known as a SLAPP suit); see *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, 282 Conn. 130, 133 and n.4, 918 A.2d 880 (2007); aimed at retaliating against the defendant's exercise of his right to petition; (4) the settlement agreement's prescribed amount of damages in the event of a breach is not a liquidated damages provision, but, rather, an invalid penalty clause; (5) the plaintiff had breached the terms of the settlement agreement first, thereby excusing the defendant from compliance with the agreement; and (6) the plaintiff's business practices violate the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The defendant argues that the trial court did not give full consideration to these claims as required by § 52-278d (a) (1) because the court did not analyze each claim individually in its memorandum of decision.[7] The defendant

[7] The defendant also argues that the trial court improperly failed to address all of the defenses and counterclaims that he raised in opposition to the prejudgment remedy. We disagree. The trial court acknowledged the following defenses and counterclaims in its memorandum of decision: the absolute immunity defense, the defense that the plaintiff's suit was an invalid SLAPP suit, the penalty clause defense, the material breach counterclaim, and the CUTPA counterclaim. Therefore, the defendant implicitly argues that the court failed to address only one of his claims—that the agreement is void as against public policy because it prevents the defendant from contacting state regulators about the plaintiff's allegedly illegal business practices. We conclude, however, that the defendant did not raise this claim before the trial court.

On appeal, the defendant claims that the public policy defense was raised before the trial court as part of a two-pronged claim of absolute immunity, i.e., an argument that the defendant had absolute immunity to make statements to state regulatory agencies coupled with an argument that it was

maintains that, if the trial court properly had considered all of the defenses and counterclaims raised, those claims would have defeated a finding of probable cause.[8] We conclude that, although the trial court did not analyze the defendant's defenses and counterclaims individually in its memorandum of decision, it gave adequate consideration to these claims under § 52-278d (a).

In its memorandum of decision granting the plaintiff's request for a prejudgment remedy, the trial court set out the correct test for determining whether to grant such a remedy under § 52-278d (a). The court then emphasized that "[a] review of the defenses presented by [the defendant], as well as his counterclaims, is necessary before the court can determine if there is probable cause to issue the prejudgment remedy." The court stated that "[t]hese defenses and counterclaims were presented orally and in a memorandum of law in opposition to the motion for prejudgment remedy," and the court individually acknowledged each defense and counterclaim raised.[9] The memorandum of decision,

against public policy to enforce a contract that prevents citizens from complaining to government. We conclude that the defendant failed to raise a public policy defense in the pleadings, in his memoranda to the trial court or during oral argument. Moreover, a thorough review of the record reveals that, when the defendant did raise issues of public policy, he did so only as an ancillary argument in support of his claim of absolute immunity, and not as an independent autonomous defense.

[8] The defendant thereby urges this court to decide the merits of these claims as a matter of law using plenary review in light of the trial court's allegedly inadequate consideration. The defendant misconstrues our proper role in reviewing a trial court's granting of a prejudgment remedy, however, because we do not conduct a plenary review of the merits of defenses and counterclaims raised, but rather our review is confined to a determination of whether the trial court's finding of probable cause constitutes clear error. See, e.g., *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991); *Connecticut Light & Power Co.* v. *Gilmore*, 89 Conn. App. 164, 177, 875 A.2d 546, cert. denied, 275 Conn. 906, 882 A.2d 681 (2005).

[9] See footnote 7 of this opinion.

however, expressly discussed the merits of the defendant's absolute immunity and SLAPP suit defenses only.[10] In granting the prejudgment remedy order, the court then stated that, "[h]aving considered the defenses and the counterclaims presented by the defendant, the court finds that the plaintiff has established that probable cause exists to issue a prejudgment remedy . . . ."

Section 52-278d (a) explicitly requires that a trial court's determination of probable cause in granting a prejudgment remedy include the court's *"taking into account* any defenses, counterclaims or set-offs . . . ." (Emphasis added.) Therefore, it is well settled that, in determining whether to grant a prejudgment remedy, the trial court must evaluate both parties' evidence as well as any defenses, counterclaims and setoffs. *Augeri* v. *C. F. Wooding Co.*, supra, 173 Conn. 429. Such consideration is significant because a valid defense has the ability to defeat a finding of probable cause. See id.; see also *Roberts* v. *Caton*, 224 Conn. 483, 487 n.4, 619 A.2d 844 (1993).

We conclude that in granting the prejudgment remedy, the trial court gave the defendant's defenses and counterclaims sufficient consideration. Section 52-278d (a) requires only that the trial court *take into account* any defenses and counterclaims. Our review of the trial court's memorandum of decision reveals that the court properly took into account the defendant's defenses and counterclaims because the court used the correct legal test, acknowledged all of the defenses and counterclaims and explicitly stated that it had considered

---

[10] Specifically, the trial court explained that it had rejected the defendant's absolute immunity defense because none of the cases cited by the defendant extended quasi-judicial immunity to a breach of contract claim. The court rejected the defendant's SLAPP suit defense because Connecticut has no anti-SLAPP statute and this is a statutory cause of action in other jurisdictions.

them. Although the trial court did not discuss the merits of each claim, or articulate its reasoning for finding probable cause with regard to those claims, we presume that the trial court acted properly and considered all of the evidence before it. That presumption is further strengthened by the trial court's explicit statement that it had considered all of the defendant's defenses and counterclaims in its determination of probable cause. "[A]n appellate court is entitled to presume that the trial court acted properly and considered all the evidence. . . . The [trial] court's role in such a hearing is to determine probable success by weighing probabilities. . . . [T]his weighing process applies to both legal and factual issues." (Citation omitted; internal quotation marks omitted.) *Doe* v. *Rapoport*, 80 Conn. App. 111, 116–17, 833 A.2d 926 (2003); accord *Solomon* v. *Aberman*, supra, 196 Conn. 376; *Bosco* v. *Arrowhead by the Lake, Inc.*, 53 Conn. App. 873, 875, 732 A.2d 205 (1999).

Although we conclude that the trial court gave sufficient consideration to the defendant's claims to satisfy the minimal requirements of § 52-278d (a), we note that the far better practice would have been for the trial court to set forth its reasoning with regard to the defenses and counterclaims raised in opposition to the issuance of a prejudgment remedy, particularly because the claims are numerous and complex. Thorough discussion of its reasoning would inform the parties and facilitate appellate review of the trial court's order.

## II

The defendant's second claim on appeal is that the evidence was insufficient to permit the trial court to find probable cause that the defendant had breached the settlement agreement by making disparaging remarks about the plaintiff and disclosing confidential information. Specifically, the defendant argues that the settle-

ment agreement's prohibition of disparaging remarks was directed toward disclosure to potential franchisees, not to government regulatory agencies, and that there was no evidence that the defendant improperly had disclosed confidential information. We disagree.

In reviewing the trial court's granting of a prejudgment remedy, our role is to determine whether the conclusion reached by the trial court constituted clear error. *Three S. Development Co.* v. *Santore*, supra, 193 Conn. 176. "Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." *Gallo* v. *Gallo*, 184 Conn. 36, 38, 440 A.2d 782 (1981). The trial court has broad discretion to determine the plaintiff's probable success at a trial on the merits of its case. *Three S. Development Co.* v. *Santore*, supra, 176. Moreover, a prejudgment remedy hearing is not contemplated to be a full scale trial on the merits, which necessarily will mean that the evidence presented at the hearing will not be as well developed as it would be at trial, particularly when, as here, the parties have not finished the discovery process. See, e.g., *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, supra, 172 Conn. 584; *Bosco* v. *Arrowhead by the Lake, Inc.*, supra, 53 Conn. App. 874–75.

On a finding of probable cause, this court may review all of the evidence to determine whether the trial court's conclusion constituted clear error. See *Three S. Development Co.* v. *Santore*, supra, 193 Conn. 176; see also *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991) (reviewing finding of lack of probable cause by conducting independent review of evidence); *Kinsale, LLC* v. *Tombari*, 95 Conn. App. 472, 478, 897 A.2d 646 (2006) ("[a]s noted, when the court's findings are supported by the record, it is not our role to duplicate its weighing process"). Therefore, in considering the

defendant's claim that there was insufficient evidence to support a finding of probable cause, we will consider the facts as found by the trial court as well as the other evidence presented.

Accordingly, in addressing the defendant's claim, we recite the following facts found by the court.[11] The court found that the plaintiff and the defendant had entered into a franchise agreement, which included a prohibition against the defendant's divulgence of any " 'confidential information, knowledge or know-how concerning the operation, products, services, procedures, policies or customers of the [plaintiff].' " The defendant also had signed three acknowledgments that the plaintiff's business materials were confidential. After a dispute arose between the plaintiff and the defendant, they entered into a settlement agreement that prohibited the defendant from making disparaging remarks about the plaintiff or from divulging confidential information. The settlement agreement contained a provision specifying the amount of damages the defendant would have to pay the plaintiff upon a breach of the agreement. The court also found that an assistant attorney general from the state of Michigan had written a letter advising the plaintiff that the defendant had filed a complaint against it in the franchise section of the consumer protection division of the attorney general's office. The letter contained a copy of the defendant's e-mail complaint that listed "a number of grievances" against the plaintiff, including an allegation that he had signed the settlement agreement under duress.[12] The court further found that the plaintiff had learned that the defendant had sent e-mails "complaining about" the

[11] In arriving at its probable cause determination, the trial court considered evidence presented at both the prejudgment remedy hearing and the earlier temporary injunction hearing, both of which had been conducted by Judge Lopez, without objection from either party.

[12] See footnote 4 of this opinion.

plaintiff to other state regulatory agencies.[13] In addition to the facts specifically found by the court, the plaintiff presented other evidence, including a vitriolic e-mail from the defendant to the plaintiff on the subject of the proposed settlement.

Our review of the record reveals that there was sufficient evidence for the court to find that the defendant had made disparaging remarks about the plaintiff in violation of the settlement agreement and that the defendant had disclosed confidential information to numerous state regulatory agencies, despite his agreement to keep the terms of the settlement agreement and all of the plaintiff's business materials confidential. We therefore conclude that there was sufficient evidence for the trial court to find probable cause to grant the prejudgment remedy and that there was no clear error.

## III

Lastly, the defendant claims that the damages awarded as a prejudgment remedy were improper because the trial court relied on the provision in the settlement agreement calling for specified payments for each breach,[14] and included attorney's fees in its calculation of the prejudgment remedy when there is no legal basis for such an award. We conclude that inclusion of attorney's fees in the calculation of the prejudgment remedy was clear error.

Because a prejudgment remedy is a statutorily based remedy, we first examine the language of the statute. Section 52-278d (a) requires that a trial court make a probable cause determination as to both the validity of

---

[13] See footnotes 3 and 4 of this opinion.

[14] Although the trial court made no explicit determination that the settlement agreement's clause calling for specified payments for each breach was a liquidated damages provision, the court apparently rejected the defendant's claim that the clause was an invalid penalty clause.

the plaintiff's claim and the amount of the remedy sought. See General Statutes § 52-278d (a); see also *Union Trust Co.* v. *Heggelund*, 219 Conn. 620, 625, 594 A.2d 464 (1991). "In other words, to justify issuance of a prejudgment remedy, probable cause must be established *both* as to the merits of the cause of action and as to the amount of the requested attachment. That dual requirement ensures that a person is not deprived of the use of property without due process of law." (Emphasis added.) *Kinsale, LLC* v. *Tombari*, supra, 95 Conn. App. 482 (*Flynn, J.*, dissenting). Therefore, the party seeking the prejudgment remedy must present evidence that is "sufficient to enable the court to determine the probable amount of the damages involved." *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, supra, 172 Conn. 585. Although the likely "amount of damages need not be determined with mathematical precision . . . the plaintiff bears the burden of presenting evidence [that] affords a reasonable basis for measuring her loss." (Citation omitted; internal quotation marks omitted.) *Rafferty* v. *Noto Bros. Construction, LLC*, 68 Conn. App. 685, 693, 795 A.2d 1274 (2002).

We begin with the defendant's claim that the trial court improperly included attorney's fees in calculating the prejudgment remedy. In its memorandum of decision, the trial court concluded that "the plaintiff has established that probable cause exists to issue a prejudgment remedy in the amount originally requested, that is $245,000, rather than the increased amount requested of $500,000." The trial court then stated that "[t]his amount is calculated to include coverage for the costs incurred for attorney's fees as well as for the loss of potential franchisees."[15]

---

[15] We note that the trial court did not delineate what portion of the remedy was calculated based on attorney's fees as opposed to lost profits. We do know, however, that the trial court included *some amount* for attorney's fees because the court stated that the remedy included "the costs incurred for attorney's fees . . . ." Therefore, because we conclude hereinafter that the trial court improperly awarded attorney's fees as part of the prejudgment

We conclude that the trial court improperly awarded attorney's fees as part of the prejudgment remedy because the plaintiff failed to establish probable cause that attorney's fees would be awarded at a trial on the merits. "The right to a prejudgment remedy of attachment is purely statutory." *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 766, 628 A.2d 1303 (1993). Because the right to a prejudgment remedy is in derogation of the common law, the statutory scheme governing prejudgment remedies must be strictly construed. *Feldmann* v. *Sebastian*, 261 Conn. 721, 725, 805 A.2d 713 (2002); see also 7 C.J.S., Attachment § 12 (2004); 6 Am. Jur. 2d 485, Attachment and Garnishment § 13 (1999). Section 52-278d (a) clearly mandates that, in seeking a prejudgment remedy, a plaintiff must show probable cause that a judgment will issue in an amount equal to, or greater than, the amount of the prejudgment remedy sought. General Statutes § 52-278d (a). Because the statute limits the amount of a prejudgment remedy to the amount of damages that could be obtained at a trial on the merits, a prejudgment remedy may include an award of attorney's fees only if a party can demonstrate probable cause that she will recover attorney's fees at trial.[16]

remedy, in recalculating the remedy on remand the trial court must reduce the award by the amount originally allotted for attorney's fees.

[16] We acknowledge that, although this principle heretofore has not been elucidated by this court, similar reasoning has been applied by the Superior Court. See, e.g., *Newinno, Inc.* v. *Peregrim Development, Inc.*, Superior Court, judicial district of Fairfield, Docket No. CV-02-0390074-S (April 27, 2004) (granting plaintiff's request for attorney's fees in prejudgment remedy on basis of evidence of wilful and malicious appropriation of trade secrets, but rejecting plaintiff's request for award of interest in prejudgment remedy because no showing of probable cause that prejudgment interest would be awarded as damages at trial); *Parlamis* v. *Wuensch*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-02-0189807-S (June 26, 2002) (awarding attorney's fees as part of prejudgment remedy because those fees may be awarded as part of CUTPA claim); *All Star Storage-Derby, LLC* v. *Michael James Contracting, Inc.*, Superior Court, judicial district of Litchfield, Docket No. CV-01-0084961-S (September 18, 2001) ("As to the claim for attorney's fees, the law does not permit the court to allow

This principle is also consistent with the purpose of a prejudgment remedy, which is to serve "as security for the satisfaction of the plaintiff's judgment, should he obtain one." (Internal quotation marks omitted.) *Meyers* v. *C. I. T. Corp.*, 132 Conn. 284, 287, 43 A.2d 742 (1945); *Coit* v. *Sistare*, 85 Conn. 573, 578, 84 A. 119 (1912); *Lewis Truck & Trailer, Inc.* v. *Jandreau*, 11 Conn. App. 168, 170, 526 A.2d 532 (1987). A prejudgment remedy is "primarily designed to forestall any dissipation of assets by the defendant and to bring them into the custody of the law to be held as security for the satisfaction of such judgment as the plaintiff may recover in a manner consistent with the requirements of due process." *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 629, 356 A.2d 893 (1975). It follows, then, that the amount of a prejudgment remedy award must be proportionate to the amount of actual damages likely to be recovered at trial. See *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, supra, 172 Conn. 585; *Rafferty* v. *Noto Bros. Construction, LLC*, supra, 68 Conn. App. 692 n.4, 693; 7 C.J.S., supra, § 6.

"The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific con-

---

it under these facts. . . . There is no contractual provision for attorney's fees; the statutory provision cited by the plaintiff is [CUTPA]. Based upon evidence presented at this prejudgment remedy hearing, the court cannot find a likelihood of success on the claim for attorney's fees under CUTPA." [Citations omitted; internal quotation marks omitted.]); *Fischel* v. *Verkerke Reproductions USA, Inc.*, Superior Court, judicial district of Fairfield, Docket Nos. CV-BR-890300792, CV-BR-890300798 (September 20, 1991) (evaluating requests for attorney's fees in prejudgment remedy award on basis of whether there would be contractual or statutory authorization for award of attorney's fees at trial).

tractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Citations omitted; internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 72–73, 689 A.2d 1097 (1997). Parties may also contract for an award of attorney's fees. See, e.g., *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 280, 297, 472 A.2d 306 (1984).

In the present case, the parties did contract for an award of attorney's fees in the settlement agreement, but *only if* they resolved any dispute through arbitration.[17] The plaintiff does not claim that the settlement agreement's provision for attorney's fees applies to this court action seeking a prejudgment remedy, and it has provided no statutory authority or theory under which it would be entitled to such fees. Accordingly, we conclude that the plaintiff has not carried its burden of demonstrating probable cause that it would be authorized to recover attorney's fees in a trial on the merits.[18]

---

[17] Specifically, part 3 (o) of the settlement agreement states that "[a]ny disputes concerning this Settlement Agreement shall be settled pursuant to the terms of the arbitration provisions of the herein referenced Franchise Agreement, which arbitration provisions shall be revived and ratified for the purposes of settling disputes hereunder. The prevailing party *in such arbitration* shall recover its attorney's fees and costs incurred to enforce this Settlement Agreement." (Emphasis added.)

[18] We leave for another day the broader question of whether an award of attorney's fees at a prejudgment remedy hearing, even when a plaintiff can demonstrate probable cause that she will be entitled to receive attorney's fees at trial, is unduly speculative or premature because it necessarily would occur before the attorney's representation is over. See *Smith* v. *Snyder*, 267 Conn. 456, 479, 839 A.2d 589 (2004) ("when a court is presented with a claim for attorney's fees, the proponent must present to the court at the time of trial or, in the case of a default judgment, at the hearing in damages, a statement of the fees requested and a description of services rendered"). In any event, a plaintiff would be required to prove the amount of a prejudgment remedy that included an award of attorney's fees by probable cause and present evidence that affords a reasonable basis for measuring those fees. See General Statutes § 52-278d (a); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, supra, 172 Conn. 585; *Rafferty* v. *Noto Bros. Construction, LLC*, supra, 68 Conn. App. 693.

Although we conclude that the trial court improperly included an award of attorney's fees in its calculation of the prejudgment remedy, we will address the defendant's other challenges to the amount of damages awarded as a prejudgment remedy because these issues are likely to arise on remand. The defendant challenges the trial court's reliance on the settlement agreement's prescribed amount of damages in the event of a breach and evidence of lost profits for the measure of damages to be awarded as a prejudgment remedy. Given the settlement agreement's provision calling for specified payments in the amount of $49,000 for each breach,[19]

[19] We conclude that, in determining whether the plaintiff has demonstrated probable cause as to the amount of the prejudgment remedy, the trial court may reasonably rely on a liquidated damages provision as a definitive proof of the measure of damages because such a provision can serve as the definitive measure of damages under the law of contracts. See *American Car Rental, Inc.* v. *Commissioner of Consumer Protection*, 273 Conn. 296, 306–307, 869 A.2d 1198 (2005) (setting forth principles governing use of liquidated damages). We also note that, although we never have addressed directly the question of whether liquidated damages may provide a proper measure of damages for a prejudgment remedy, this court previously has indicated that evidence of damages must be established by sufficient evidence in actions for a prejudgment remedy *only* when there is no liquidated damages provision. See *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.*, supra, 172 Conn. 585. In *Ledgebrook Condominium Assn., Inc.*, this court stated that *"in actions for unliquidated damages*, the affidavit should state facts sufficient to enable the court to determine the probable amount of the damages involved"; (emphasis added) id.; thus implying that the converse is also true, that is, in actions for liquidated damages, the liquidated damages themselves may serve as proof of damages for a prejudgment remedy. Such a rule also is consistent with the traditional law of attachments, wherein liquidated damages are seen as a sufficiently certain and specific measure of damages for a prejudgment remedy. Indeed, many jurisdictions limit attachments on breach of contract suits solely to those for liquidated damages. See note, "Attachments on Unliquidated Demands," 8 Mich. L. Rev. 323, 323–25 (1910); 6 Am. Jur. 2d, supra, §§ 49, 127.

Accordingly, a plaintiff who seeks the issuance of a prejudgment remedy may offer a liquidated damages provision as sufficient evidence of damages, provided that "three conditions are satisfied: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the

evidence that the defendant had violated the settlement agreement at least five times by disclosing confidential information and disparaging the plaintiff,[20] and evidence of the plaintiff's lost profits that demonstrated the reasonableness of the liquidated damages clause,[21] we conclude that there was sufficient evidence from which the trial court reasonably could have found probable cause to support a prejudgment remedy award.

The judgment is affirmed as to the determination of probable cause to issue the prejudgment remedy and reversed as to the award of attorney's fees, and the case is remanded for a redetermination by the court of the amount of the prejudgment remedy.

In this opinion the other justices concurred.

---

damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract." (Internal quotation marks omitted.) *American Car Rental, Inc.* v. *Commissioner of Consumer Protection*, supra, 273 Conn. 307.

[20] See footnotes 3 and 4 of this opinion.

[21] Specifically, the defendant challenges the extent to which the trial court relied on evidence of the plaintiff's lost profits, and argues that those losses were not causally related to the defendant's disclosures, but could have been caused by third party complaints about the plaintiff to state regulatory agencies. The plaintiff entered into evidence a profit and loss statement from the fiscal year 2004–2005, the year that the defendant e-mailed his complaint to state regulatory agencies. The statement also provided a comparison with the previous fiscal year and demonstrated that the plaintiff had lost $1,309,380 in franchise fees in 2004–2005, which represented a 36.3 percent decrease in income. Terry Powell, the plaintiff's chief executive officer, also testified that the defendant's disclosures were the only negative action taken against the plaintiff during that time period. We conclude that the trial court, in reaching its decision, reasonably could have relied on this evidence because it provided the court with a reasonable basis for measuring the plaintiff's loss and demonstrated that the liquidated damages clause was not "greatly disproportionate" to the damages sustained by the plaintiff. *American Car Rental, Inc.* v. *Commissioner of Consumer Protection*, supra, 273 Conn. 307; see also *Rafferty* v. *Noto Bros. Construction, LLC*, supra, 68 Conn. App. 693.