Jennifer HYDE, Plaintiff

v.

**BEVERLY HILLS SUITES,
LLC, Defendant.**

Civil No. 3:08–CV–1374 (CFD).

United States District Court,
D. Connecticut.

March 15, 2010.

Nicole M. Rothgeb, Peter D. Goselin, Livingston, Adler, Pulda, Meiklejohn & Kelly, Hartford, CT, for Plaintiff.

Elizabeth Knight Adams, The Law Office of Elizabeth Knight Adams, Colchester, CT, for Defendant.

### RULING AND ORDER ON PLAINTIFF'S MOTION FOR PREJUDGMENT REMEDY

THOMAS P. SMITH, United States Magistrate Judge.

On November 18, 2009, and February 17, 2010, this Court held an evidentiary hearing on the plaintiff's motion for a prejudgment remedy [doc. # 88]. Four witnesses testified and numerous documents were received into evidence. Based on the credible evidence, the plaintiff's motion for a prejudgment remedy is **DENIED.**

## I. The Standard for the Issuance of a Prejudgment Remedy

 Although the Federal Rules of Civil Procedure govern the conduct of an action in federal court, state law determines when and how a provisional remedy shall be obtained. *See* Fed.R.Civ.P. 64; *SS & C Technologies, Inc. v. Providence Inv. Mgmt.,* 582 F.Supp.2d 255, 257 (D.Conn.2008) (*citing Bahrain Telecommunications Co. v. Discoverytel, Inc.,* 476 F.Supp.2d 176, 183 (D.Conn. 2007)). Under Connecticut law, a prejudgment remedy means "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. . . ." *See TES Franchising, LLC v. Feldman,* 286 Conn. 132, 136–37, 943 A.2d 406, 411 (2008) (*citing* Conn. Gen.Stat. § 52–278a(d) (2008)). A prejudgment remedy is available if the court finds that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . ." *See TES Franchising,* 286 Conn. at 137, 943 A.2d 406 (citing Conn. Gen.Stat. § 52–278d(a)(1) (2008)).

 "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence." (*See Ledgebrook Condo. Ass'n, Inc. v. Lusk Corp.,* 172 Conn. 577, 584, 376 A.2d 60, 64 (1977)). "The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *See Wall v. Toomey,* 52 Conn. 35, 36 (1884). ". . . [P]robable cause is a flexible common-sense standard . . . . [I]t does not demand that a belief be correct or more likely true than false." *See New England Land Co., Ltd. v. DeMarkey,* 213 Conn. 612, 620, 569 A.2d 1098, 1103 (1990) (*citing Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502, 514 (1983)). Under this standard, the function of the trial court is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. *See Bank of Boston Connecticut v. Schlesinger,* 220 Conn. 152, 156, 595 A.2d 872, 874 (1991).

## II. Discussion

### A. The Standard for Plaintiff's Legal Claims

 The plaintiff alleges that the defendant "terminated her employment because of her sex and/or pregnancy in violation of Title VII of the Civil Rights Act of 1964" as amended by the Pregnancy Discrimination Act. (Pl.'s Am. Compl. 1; Pl.'s Mem. Supp. 1.) The Supreme Court has established a three-part, burden-shifting test for evaluating the evidence in an employment discrimination case. *See Rolon v. Pep Boys–Manny, Moe & Jack,* 601 F.Supp.2d 464, 467 (D.Conn.2009) (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668, 677–79 (1973)). First, the plaintiff bears a "minimal" burden of establishing a prima facie discrimination case. *Rolon,* 601 F.Supp.2d at 467. The plaintiff can generally establish a prima facie case by demonstrating: (1) membership in the protected group; (2) satisfactory performance in the position; (3) termination; and (4) replacement, or attempted replacement, of the plaintiff with an employee whose qualifications do not exceed those of the plaintiff. *See Coltin v. Corp. for Justice Mgmt.,* 542 F.Supp.2d 197, 203 (D.Conn. 2008) (*citing Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 47 L.Ed.2d 207 (1981)). Second, the defendant bears the burden of rebutting the presumption of discrimination by proffering a "legitimate, nondiscriminatory reason" for the adverse employment action. *Rolon,* 601 F.Supp.2d at 467. Third, once the aforementioned presumption has been rebutted, the plaintiff must prove that the employer's proffered reason was a pretext for discrimination. *Id.* at 467–68 (*citing McPherson v. New York City Dept. of Education,* 457 F.3d 211, 215 (2d Cir.2006)).

## B. Evidence Supporting and Undermining Plaintiff's Legal Claims

The plaintiff attempted to establish a prima facie case by offering her own testimony, calling other witnesses, and introducing documentary evidence. The plaintiff first established that she was pregnant while she was employed by the defendant. The plaintiff then established that the defendant terminated her employment shortly after she gave birth. The plaintiff further established that her position as front desk manager has since been filled by the defendant's other employees.

■ What the plaintiff failed to establish, however, was her satisfactory performance as front desk manager. Shirok Jacobi, the owner of the defendant hotel, testified that the plaintiff was terminated for several reasons. First, the plaintiff allowed unauthorized guests to lodge at the hotel without paying for their rooms. Second, the plaintiff held her baby shower at the hotel without prior authorization or permission from Mr. Jacobi. Third, the plaintiff ignored Mr. Jacobi's instruction that her friends should not loiter on hotel property. Fourth, the plaintiff made several credit card mistakes that were unacceptable for a front desk manager. Fifth, the plaintiff ignored the defendant's policy against eating, drinking, and sitting down while working at the front desk. This evidence demonstrates that the plaintiff failed to establish a prima facie case of pregnancy discrimination because she did not established satisfactory job performance. Even if the plaintiff could establish her prima facie case, however, the aforementioned evidence would enable the defendant to rebut the presumption of discrimination by offering these facts as evidence of its "legitimate, nondiscriminatory reason" for terminating the plaintiff's employment.

■ Finally, it appears unlikely that the plaintiff could succeed in demonstrating that the defendant's proffered reasons for terminating the plaintiff's employment were simply a pretext for discrimination. The court heard testimony from Ms. Melissa Santos, who testified that she was pregnant while working for the defendant, gave birth to her daughter, and resumed working for the defendant without suffering from any acts of discrimination or harassment. Furthermore, Ms. Santos established that Mr. Jacobi was an easygoing, professional, and fun person to work for. She further indicated that she never witnessed Mr. Jacobi engage in any acts of discrimination or make any sexist remarks. She ultimately opined that he treated his employees like family. Since the Court has received evidence that the defendant treated other employees, including another pregnant employee, fairly and without engaging in discrimination, it is unlikely that the plaintiff will show at trial that the defendant's proffered reasons for terminating the plaintiff's employment were a pretext for discrimination.

## III. Conclusion

Based on the evidence that has been presented, the Court remains unconvinced that there is probable cause that the plaintiff will secure a judgment in the amount of $125,000. Accordingly, the plaintiff's motion for prejudgment remedy is **DENIED,** and it is recommended that Judge Droney similarly deny the plaintiff's prejudgment remedy application should this decision be appealed.

**IT IS SO ORDERED.**