## STATE OF CONNECTICUT *v.* BACON CONSTRUCTION COMPANY, INC., ET AL.
### (SC 18360)

Norcott, Palmer, McLachlan, Vertefeuille and Gruendel, Js.

Argued January 14—officially released April 5, 2011

*Jared Cohane*, with whom were *Peter J. Martin* and, on the brief, *Timothy T. Corey* and *Richard F. Wareing*, for the appellant (named defendant).

*Timothy S. Fisher*, with whom were *Charles D. Ray* and, on the brief, *Brian P. Rice*, for the appellee (plaintiff).

*Opinion*

VERTEFEUILLE, J. The named defendant, Bacon Construction Company, Inc.,[1] appeals[2] from the trial court's decision overruling its objection, on collateral estoppel grounds, to the application for a prejudgment remedy filed by the plaintiff, the state of Connecticut, on behalf of its department of public works and its department of correction. The dispositive issue in this appeal is whether a party properly may appeal from such a ruling prior to a decision granting or denying the application for a prejudgment remedy. We conclude that a ruling precluding a collateral estoppel defense to an application for a prejudgment remedy does not come within our exception permitting an immediate appeal from the denial of a claim of collateral estoppel, and, accordingly, may not be appealed prior to a ruling on the application itself. We therefore dismiss the defendant's appeal.

The record reveals the following undisputed facts and procedural history. In 1992, the defendant entered into a contract with the plaintiff to provide masonry services during the construction of fifteen buildings on the grounds of the York correctional institution. After completion of the contract, the defendant filed a demand for arbitration against the plaintiff, asserting

---

[1] In addition to the named defendant, whom, for purposes of convenience, we refer herein to as "the defendant," also named as defendants in the underlying action were: Tishman Construction Corporation of New England; HDR Architecture, P.C.; Maguire Group, Inc.; Stratton Company, Inc.; J.S. Nasin Company; Independent Materials Testing Laboratories, Inc.; Testing Labs, Inc.; Naek Construction Company, Inc.; B.W. Dexter II, Inc.; Jolley Concrete, Inc.; American Masons and Building Supply Company; Travelers Casualty and Surety Company; American Insurance Company; and Employers Insurance of Wausau, A Mutual Company. Only the named defendant was a party to the plaintiff's application for a prejudgment remedy, and only the named defendant is a party to this appeal.

[2] The defendant appealed from the judgment of the trial court to the Appellate Court, and we subsequently transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

breach of contract and seeking money damages. In the course of the arbitration, the plaintiff stipulated that "for the purposes of this arbitration only: [the defendant] undertook the performance of its obligations under the [c]ontract in strict and full accordance with the plans, specifications, and general and special conditions of the contract and amendments thereto." Relying partially on that stipulation, the arbitrator subsequently ruled in favor of the defendant and awarded damages. That award was confirmed by the Superior Court and the trial court's judgment subsequently was affirmed by this court in a separate appeal. *Bacon Construction Co.* v. *Dept. of Public Works,* 294 Conn. 695, 987 A.2d 348 (2010).

After the arbitrator's initial award, but prior to the Superior Court's confirmation of that award, the plaintiff brought the action underlying this appeal in the Superior Court. The action arises out of the same contract that was the subject of the arbitration and alleges that the defendant was negligent and breached its contract in the construction at York correctional institution. As part of the action, the plaintiff filed an application for a prejudgment remedy against the defendant seeking various forms of relief. See General Statutes § 52-278a et seq. In its objection to that application, the defendant asserted, inter alia, that, in light of the finding in the arbitrator's award that the defendant had performed its obligations under the contract, the plaintiff's claims were barred by res judicata and/or collateral estoppel. The trial court thereafter overruled the defendant's objection. This appeal followed.

After the parties had filed their initial briefs in this court, we ordered the parties to submit supplemental briefs addressing the following questions: "Should *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance,* 208 Conn. 187, [194–95, 544 A.2d 604] (1988), which permits an immediate appeal from the

denial of a claim of collateral estoppel, be overruled?" and "If *Convalescent Center of Bloomfield, Inc.* . . . is not overruled, is the denial of a defense of collateral estoppel issued in the context of a prejudgment remedy proceeding an appealable final judgment?" We now assume, without deciding, that *Convalescent Center of Bloomfield, Inc.*, should not be overruled,[3] and we answer the second question in the negative. Accordingly, we dismiss the present appeal for lack of a final judgment.[4]

We begin by setting forth the applicable standard of review. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [over which we exercise plenary review]." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 281 Conn. 262, 270, 914 A.2d 1025 (2007). "We commence the discussion of our appellate jurisdiction by recognizing that there is no constitutional right to an appeal. . . . Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." (Citations omitted; internal quotation marks omitted.) *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 466–67, 940 A.2d 742 (2008). Pursuant to well settled

---

[3] Because our conclusion that *Convalescent Center of Bloomfield, Inc.*, should not be extended to the prejudgment remedy context resolves the present appeal irrespective of whether *Convalescent Center of Bloomfield, Inc.*, remains good law, we do not address the continued validity of that case. We note only that in their supplemental briefs, both parties contend that *Convalescent Center of Bloomfield, Inc.*, should not be overruled, and for the purposes of this opinion, we assume, without deciding, that their position is correct.

[4] Because we resolve the present appeal on jurisdictional grounds, we do not address the defendant's claim that the trial court improperly rejected the defenses of collateral estoppel and res judicata.

law, however, "[a]n . . . interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983); see also *State* v. *Bell*, 179 Conn. 98, 99, 425 A.2d 574 (1979).

In *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance,* supra, 208 Conn. 188–89, this court heard an appeal from a ruling of the trial court determining that the defendant agency improperly had concluded that the plaintiff was collaterally estopped from rearguing an issue that was adversely decided in a previous administrative proceeding that was not subject to judicial review. A final judgment question arose because the trial court had remanded the case to the agency to consider the plaintiff's claims. Id., 192. This court in *Convalescent Center of Bloomfield, Inc.,* relied on the second prong of *Curcio* in reaching the conclusion that rejection of a collateral estoppel defense in an administrative proceeding was "ripe for immediate appellate review. Further proceedings on the substantive merits of the plaintiffs' claim . . . cannot affect the rights of the parties with respect to collateral estoppel. Indeed, to postpone appellate review . . . would defeat the very purpose that collateral estoppel is intended to serve. [T]he basic proposition . . . has always been essentially the same: A party should not be allowed to relitigate a matter that it already had opportunity to litigate. . . . If the defendant is correct that the plaintiffs are precluded from relitigating their entitlement to reimbursement, it would be unfair to require the defendant to expend its resources to defeat the plaintiffs' claims on the merits. We have held an interlocutory order to be final for purposes of appeal if it involves a claimed right the

legal and practical value of which would be destroyed if it were not vindicated before trial." (Citation omitted; internal quotation marks omitted.) Id., 194. This court has recognized that, among other purposes, collateral estoppel serves to promote judicial economy by helping to avoid repetitious litigation of issues and helps to prevent harassment through vexatious and repeated litigation. See *In re Application for Writ of Habeas Corpus by Dan Ross*, 272 Conn. 653, 662, 866 A.2d 542 (2005). In *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, supra, 195, this court determined that these goals were best served by allowing an immediate appeal from the denial of a collateral estoppel claim in the administrative context.

As we previously have noted, the final judgment question in *Convalescent Center of Bloomfield, Inc.*, arose in the context of a remand from the Superior Court for further administrative proceedings.[5] See id., 192. An application for a prejudgment remedy, however, is a judicial proceeding commenced in the Superior Court and therefore may not necessarily come within the purview of our conclusion in *Convalescent Center of Bloomfield, Inc.* Accordingly, to determine whether this court may properly exercise subject matter jurisdiction over the present appeal, we turn to the question of whether, even if we were to assume the correctness of the decision, *Convalescent Center of Bloomfield, Inc.*, should be extended to treat as an appealable final judgment the denial of a defense of collateral estoppel in an application for a prejudgment remedy. After consideration, we conclude that the holding of that case, which allowed an immediate appeal of a denial of a collateral estoppel defense in the administrative context, should not be extended to prejudgment remedy proceedings.

[5] Although this court in *Convalescent Center of Bloomfield, Inc.*, did not expressly limit its ruling to the administrative context, there is also no evidence that the court intended its ruling to have general applicability.

We start our analysis by noting the substantive differences between the factual context in *Convalescent Center of Bloomfield, Inc.*, and the context of the present case, wherein the denial of a defense of collateral estoppel arises with regard to an application for a prejudgment remedy. General Statutes §§ 52-278a through 52-278n establish the procedures and requirements for seeking a prejudgment remedy, which is defined as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property *prior to final judgment* . . . ." (Emphasis added.) General Statutes § 52-278a (d). As these statutes make clear, a decision regarding an application for a prejudgment remedy is based on a preliminary hearing generally held long prior to a trial on the merits of the plaintiff's claims.

The threshold issue to be decided at the prejudgment remedy hearing is "whether . . . there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . ." General Statutes § 52-278d (a) (1). This court has clarified that prejudgment remedy hearings "are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of that adjudication"; *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 629, 356 A.2d 893 (1975); and therefore are "independent of and collateral thereto and primarily designed to forestall any dissipation of assets by the defendant . . . ." Id. Although the attachment of a defendant's assets while an action is pending can have significant consequences, a probable cause determination rests on a low level of proof and a prejudgment remedy hearing generally is far more abbreviated than a trial on the merits. See *TES*

*Franchising, LLC* v. *Feldman,* 286 Conn. 132, 137, 943 A.2d 406 (2008) ("[p]roof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence" [internal quotation marks omitted]); id., 143 ("a prejudgment remedy hearing is not contemplated to be a full scale trial on the merits, which necessarily will mean that the evidence presented at the hearing will not be as well developed as it would be at trial"). Although a party asserting a colorable claim of collateral estoppel undoubtedly has an interest in avoiding relitigation of an issue already decided, we are mindful that the extent of relitigation necessary in a prejudgment remedy hearing context generally is minimal and does not require the defendant to expend extensive resources to defend against the application.

In addition, we note that extending the holding of *Convalescent Center of Bloomfield, Inc.,* to the prejudgment remedy hearing context could give rise to multiple interlocutory appeals before a trial on the merits is held. General Statutes § 52-278*l* (a) establishes that the grant or denial of a prejudgment remedy and rulings on certain related matters are deemed final judgments for purpose of appeal. To extend an additional right of interlocutory appeal to a decision denying a collateral estoppel defense in the prejudgment remedy context would mean that there could be two interlocutory appeals arising solely from the prejudgment remedy proceeding—one following the denial of a collateral estoppel defense, and a second following a decision on the merits of the prejudgment remedy application. Permitting two interlocutory appeals before any substantive litigation had occurred would severely undermine judicial economy, long recognized as one of the fundamental goals of the doctrine of collateral estoppel. See *Sikorsky Aircraft Corp.* v. *Commissioner of Revenue Services,* 297 Conn. 540, 544–45, 1 A.3d 1033 (2010)

("[t]he common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy" [internal quotation marks omitted]); *Genovese* v. *Gallo Wine Merchants, Inc.*, 226 Conn. 475, 484, 628 A.2d 946 (1993) ("[t]he legal doctrines of res judicata and collateral estoppel are designed to 'promote judicial economy' "). We therefore decline to extend our ruling in *Convalescent Center of Bloomfield, Inc.*, in order to permit an immediate appeal from the denial of a collateral estoppel defense in a prejudgment remedy proceeding. Any such appeal can be brought once the trial court issues its ruling granting or denying the prejudgment remedy application, and the defendant then will have a conclusive appellate ruling before trial.

In support of its position that this court should extend the right of immediate appeal in *Convalescent Center of Bloomfield, Inc.*, to the context of an application for a prejudgment remedy, the defendant urges that, without a right of immediate appeal, a party subjected to an adverse ruling on a defense of collateral estoppel will be forced to litigate the merits of the application. Further, the defendant urges, if such an application were to succeed, the party against whom the collateral estoppel ruling was made could potentially be subjected to a significant property attachment while the action remains pending. Although it is true that the defendant in the present case must litigate the merits of the plaintiff's application for a prejudgment remedy, we once again underscore the narrow scope of that proceeding, which should not require the time or resources of a full blown trial. Moreover, the defendant can challenge the trial court's adverse ruling on collateral estoppel in an appeal from the trial court's ruling on the prejudgment remedy application and thus obtain a resolution of both the collateral estoppel issue and the merits of the prejudgment remedy ruling prior to a trial on the merits. This result is consistent with this court's approach in

*Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance,* supra, 208 Conn. 194, which was to secure a final determination on the collateral estoppel issue before the defendant was forced to expend its resources at a trial that might prove to have been unnecessary.

The appeal is dismissed.

In this opinion the other justices concurred.

