******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# A1Z7, LLC *v.* KIMBERLY DOMBEK
## (AC 41198)

Sheldon, Keller and Flynn, Js.

*Syllabus*

The defendant, the previous owner of certain real property that was purchased by the plaintiff in a tax sale, appealed to this court from the judgment of the trial court granting the plaintiff's application for a prejudgment remedy, which was filed in connection with an action brought by the plaintiff for unjust enrichment against the defendant. After the plaintiff had purchased the premises, it brought a summary process action in which it sought to dispossess the defendant from the premises, and to recover use and occupancy payments. The trial court ordered prospective use and occupancy payments commencing in October, 2017, which did not cover the time period that had elapsed from the time the plaintiff took title to the premises until the date the defendant was required to make payments in accordance with the court's order. In its application for a prejudgment remedy, the plaintiff claimed that the defendant had been unjustly enriched because she had used the premises from January to October, 2017, without making use and occupancy payments. The defendant claimed that the statute (§ 47a-26b) governing orders for use and occupancy payments in summary process actions was the exclusive remedy by which the plaintiff could seek such payments and that use and occupancy payments are obtainable only through a summary process action. *Held*:

1. The trial court properly concluded that § 47a-26b did not prohibit the plaintiff from recovering retroactive use and occupancy payments in the present action; § 47a-26b does not contain an exclusivity provision, nor did the defendant point to any language in that statute stating that it provides an exclusive remedy, and because the plaintiff sought to recover the reasonable value of the premises occupied for a past time period for which § 47a-26b, which awards use and occupancy payments prospectively from the date of a court order, would not permit an award, permitting the plaintiff to recover for the fair value of the occupancy not covered by the statute that has unjustly enriched the party occupying the premises in a separate action and to obtain security for any judgment obtained in the form of an attachment or garnishment did not in any way frustrate the purpose of the summary process statute to provide an expeditious process for the recovery of possession of a premises.

2. The defendant could not prevail on her claim that the prior pending action doctrine warranted dismissal of the plaintiff's unjust enrichment action; in this unjust enrichment action, the plaintiff sought security and a judgment for use and occupancy from the date of taking title to the premises to the date that the court ordered use and occupancy payments under the summary process statute, which was a different claim from the one brought in the summary process action, in which the plaintiff could not recover the amount sought between January and October, 2017, and, therefore, there was a necessity for bringing this second action.

3. The trial court properly rejected the defendant's claim that the doctrines of res judicata and collateral estoppel barred the court from granting the plaintiff's application for a prejudgment remedy; given that the claims the plaintiff made in this unjust enrichment action were not litigated in the summary process action because the summary process statute did not permit them to be brought for retroactive use and occupancy payments, and that the hearing on an application for a prejudgment remedy did not require the court to conduct a full scale trial on the merits of the plaintiff's claim, the doctrine of res judicata, which prevents a litigant from reasserting a claim that has already been decided on the merits, did not bar litigation of the plaintiff's claim, nor did the doctrine of collateral estoppel, which cannot be invoked to bar a claim unless the same issue was fully and finally litigated to a final judgment.

Argued January 7—officially released March 26, 2019

*Procedural History*

Action to recover damages for unjust enrichment, and for other relief, brought to the Superior Court in the judicial district of Hartford, Housing Session, where the court, *Moukawsher, J.*, granted the plaintiff's application for a prejudgment remedy, and the defendant appealed to this court. *Affirmed.*

*Robert J. Williams, Jr.*, for the appellant (defendant).

*David L. Weiss*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. General Statutes § 47a-26b permits a property owner in a summary process action to seek the fair rental value of the premises occupied by a defendant during the pendency of a summary process action. The central issue in this case is whether § 47a-26b provides the exclusive remedy and, therefore, preempts an owner's ability to seek payment from the occupier for unjust enrichment for the reasonable value of the premises occupied for a time period for which § 47a-26b would not permit an order of use and occupancy payments. Because the language of the statute does not plainly and unambiguously foreclose other common-law remedies such as unjust enrichment and an exercise of that common-law remedy would not conflict with the purpose of the statute, we conclude that it is not foreclosed.

The defendant, Kimberly Dombek, appeals from the judgment of the trial court granting a prejudgment remedy in favor of the plaintiff, A1Z7, LLC. On appeal, the defendant claims that the court erred in granting the plaintiff's application for a prejudgment remedy because (1) § 47a-26b prohibits the recovery of use and occupancy payments in this action, (2) the prior pending action doctrine is a bar, and (3) res judicata and collateral estoppel warranted dismissal of the application. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts are undisputed. The plaintiff purchased real property located at 802 Meadowview Drive in East Windsor (premises), which previously had been owned by the defendant, in a tax sale conducted by the tax collector of East Windsor.[1] The plaintiff filed a summary process action in which it sought to dispossess the defendant from the premises due to the defendant's failure to vacate the premises following service of a notice to quit. In that action, the plaintiff filed a motion for use and occupancy payments on March 3, 2017, but the motion was not scheduled for a hearing by the Housing Court until October 4, 2017. On October 4, 2017, the court then ordered prospective use and occupancy payments commencing on October 10, 2017, which did not cover the time period that had elapsed from the time the plaintiff took title to the premises on January 24, 2017, until the date the defendant was required to make use and occupancy payments in accordance with the court's October 4, 2017 order.

On October 23, 2017, in a separate action, the plaintiff filed this application for a prejudgment remedy. The plaintiff claimed that the defendant had been unjustly enriched because she had used the premises from January 24, 2017, when the tax collector's deed for the premises was recorded, through October 9, 2017, without making use and occupancy payments.

The court granted the plaintiff's application, reasoning that probable cause had been established for payments for the use and occupancy of the plaintiff's premises by the defendant from the date the plaintiff acquired the property in January, 2017, through October, 2017, when the defendant began making use and occupancy payments in response to a summary process action. The court rejected the defendant's arguments that § 47a-26b was the exclusive remedy for use and occupancy, as well as her additional contentions that this action was barred by the pending action doctrine, res judicata and collateral estoppel. The court granted the plaintiff a prejudgment remedy in the amount of $13,500. This appeal followed.

I

The defendant first claims that the court improperly granted the plaintiff's application for a prejudgment remedy for use and occupancy payments because the present action is not a summary process action and use and occupancy payments are only obtainable through a summary process action. The defendant's claim necessarily raises the question of whether the legislature, by providing a use and occupancy remedy in a summary process action, manifested an intention to occupy the field by providing an exclusive remedy for such actions, and whether recognition of a common-law remedy for unjust enrichment would conflict with or frustrate the purpose of the statute. We conclude that the defendant cannot prevail on her claim.

"Ordinarily, we review a trial court's actions with respect to an application for a prejudgment remedy for abuse of discretion." *Feldmann* v. *Sebastian*, 261 Conn. 721, 724, 805 A.2d 713 (2002). In this case, however, the issue raised by the defendant presents a question of statutory interpretation requiring plenary review. See *Caciopoli* v. *Lebowitz*, 309 Conn. 62, 69, 68 A.3d 1150 (2013). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Id.

In *Caciopoli* v. *Lebowitz*, supra, 309 Conn. 62, which concerned whether the tree cutting statute, General Statutes § 52-560, abrogated common-law remedies,

Justice Eveleigh, writing for a unanimous Supreme Court, cogently set forth principles of statutory interpretation that guide our review. As our Supreme Court did in *Caciopoli*, we will examine the language of the relevant statute to determine whether it provides an exclusive remedy and determine if the purpose of the statute is frustrated by or conflicts with the recognition of a common-law remedy. Id., 69.

Section 47a-26b (a) provides in relevant part: "If the defendant appears, the court shall, upon motion and without hearing, unless the defendant files an objection within five days of the filing of the motion, order the defendant to deposit with the court within ten days of the filing of the motion payments for use and occupancy in an amount equal to the last agreed-upon rent or, in the absence of a prior agreed-upon rent, in an amount equal to the fair rental value of the premises during the pendency of such action *accruing from the date of such order. . . .*" (Emphasis added.)

Section 47a-26b does not contain an exclusivity provision. The defendant does not point us to any language in that section or in Title 47a of the General Statutes that states that § 47a-26b provides an exclusive remedy. "Although the legislature may eliminate a common-law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed. . . . We recognize only those alterations of the common law that are clearly expressed in the language of the statute because the traditional principles of justice upon which the common law is founded should be perpetuated. The rule that statutes in derogation of the common law are strictly construed can be seen to serve the same policy of continuity and stability in the legal system as the doctrine of stare decisis in relation to case law. . . . In the absence of explicit language indicating that the statute is the exclusive remedy, we will not presume that the legislature intended to occupy the field and preempt a common-law cause of action." (Citations omitted; internal quotation marks omitted.) *Caciopoli* v. *Lebowitz*, supra, 309 Conn. 70–72.

We must next consider whether the purpose of the summary process statute would be frustrated by the application of the common-law remedy of unjust enrichment. The plaintiff seeks to recover the reasonable value of the premises occupied for a past time period for which § 47a-26b would not permit an award of use and occupancy payments. That statute's purpose is designed to provide a quick and effective remedy to dispossess a tenant, and for that reason does not permit a plaintiff landowner to claim money damages in that action except for use and occupancy within the time limits set within § 47a-26b. Section 47a-26b permits use and occupancy payments to be awarded only from the date of the order prospectively and not retroactively.

Permitting a plaintiff to recover for the fair value of the occupancy not covered by § 47a-26b that has unjustly enriched the party occupying the premises in a separate action and to obtain security for any judgment obtained in the form of an attachment or garnishment does not in any way frustrate the purposes of the summary process statute to provide an expeditious process for the recovery of possession of a premises. We, therefore, conclude that the court properly concluded that § 47a-26b did not prohibit the plaintiff from recovering in the present action retroactive use and occupancy payments.

## II

The defendant next claims that the court improperly concluded that the prior pending action doctrine did not require dismissal of the action. We disagree.

"It has long been the rule that when two separate lawsuits are 'virtually alike' the second action is amenable to dismissal by the court." *Solomon* v. *Aberman*, 196 Conn. 359, 382, 493 A.2d 193 (1985). "[T]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The policy behind the doctrine is to prevent unnecessary litigation that places a burden on crowded court dockets. . . .

"[T]he trial court must determine in the first instance whether the two actions are: (1) exactly alike, i.e., for the same matter, cause and thing, or seeking the same remedy, and in the same jurisdiction; (2) virtually alike, i.e., brought to adjudicate the same underlying rights of the parties, but perhaps seeking different remedies; or (3) insufficiently similar to warrant the doctrine's application. In order to determine whether the actions are virtually alike, we must examine the pleadings . . . to ascertain whether the actions are brought to adjudicate the same underlying rights of the parties. . . . The trial court's conclusion on the similarities between the cases is subject to our plenary review." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Kleinman* v. *Chapnick*, 140 Conn. App. 500, 505, 59 A.3d 373 (2013).

In her objection to the plaintiff's motion for a prejudgment remedy, the defendant claimed that the present case and the pending summary process case involved the same parties and concerned the same issue, that of use and occupancy payments.[2] The court rejected her claim and determined that "[t]he prior pending action

doctrine might apply if the defendant conceded that the purchaser could collect the amounts covering January through October in that case. But . . . § 46a-27b prohibits the plaintiff from ordering retroactive use and occupancy payments, so it can't be done there."

In this unjust enrichment action, the plaintiff sought security for and ultimately a judgment for use and occupancy from the date of taking title to the premises to the date that the court ordered use and occupancy payments under the summary process statute. In short, these are two different claims. The plaintiff could not recover the amount sought between January and October, 2017, in the summary process action. There was, therefore, a necessity for bringing this second action. This action and the summary process action are not virtually alike. We, therefore, reject the defendant's claim that the prior pending action doctrine warranted dismissal.

### III

The defendant last claims that the court improperly failed to conclude that the doctrines of res judicata and collateral estoppel barred the court from granting the plaintiff's application for a prejudgment remedy. We reject this claim.

"The applicability of the doctrines of res judicata and collateral estoppel presents a question of law over which our review . . . is plenary. . . . Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. . . . The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." (Citations omitted; internal quotation marks omitted.) *State* v. *Bacon Construction Co.*, 160 Conn. App. 75, 85–86, 124 A.3d 941, cert. denied, 319 Conn. 953, 125 A.3d 532 (2015).

In this case, the court determined that "it is undisputed that there is no final judgment in the summary process case and . . . the doctrines of res judicata and collateral estoppel only spring from a final judgment." As the court stated and as we have previously pointed out in part I of this opinion, the claims the plaintiff made in this lawsuit were not litigated in the summary process action because the summary process statute did not permit them to be brought for retroactive use and occupancy payments.

The hearing on an application for a prejudgment remedy requires the court to determine whether there is probable cause to sustain the validity of the plaintiff's claim, not to conduct a full scale trial on the merits of the plaintiff's claim.[3] See *New England Land Co., Ltd.* v. *DeMarkey*, 213 Conn. 612, 619–20, 569 A.2d 1098 (1990). Res judicata bars relitigation of such judgments or matters that could have been litigated in the prior action. "[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits." (Internal quotation marks omitted.) *LaSalla* v. *Doctor's Associates, Inc.*, 278 Conn. 578, 590, 898 A.2d 803 (2006). Collateral estoppel also cannot be invoked to bar a claim unless the same issue was fully and finally litigated to a final judgment. See *State* v. *Bacon Construction Co.*, 300 Conn. 476, 484–85, 15 A.3d 147 (2011) (ruling precluding collateral estoppel defense to application of prejudgment remedy not appealable prior to final ruling on application itself). Accordingly, we conclude that the court properly rejected the defendant's claim that the doctrines of res judicata and collateral estoppel require dismissal of the plaintiff's application for a prejudgment remedy.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant challenges the deed issued as a result of the tax sale in a separate legal action pending in the Hartford Superior Court.

[2] We note that "a motion to dismiss is the proper vehicle to raise the issue of a prior pending action . . . ." *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 403, 973 A.2d 1229 (2009).

[3] We note, however, that "[p]ursuant to General Statutes § 52-278*l* (a), the granting of a prejudgment remedy is a final judgment for purposes of appeal." *Kendall* v. *Amster*, 108 Conn. App. 319, 324 n.8, 948 A.2d 1041 (2008).