******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DISCIPLINARY COUNSEL *v*. JOSEPH ELDER
(SC 19698)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued November 7, 2016—officially released May 2, 2017*

*Joseph Elder*, self-represented, the appellant

(defendant).

*Beth L. Baldwin*, assistant disciplinary counsel, with whom was *Karyl L. Carrasquilla*, chief disciplinary counsel, for the appellee (plaintiff).

*Opinion*

PALMER, J. The issue that we must decide in this case is whether the six year limitation period set forth in Practice Book § 2-32 (a) (2) (E)[1] constitutes a mandatory bar to grievance complaints brought after that six year limitation period has expired or whether the provision, instead, is discretionary. On April 4, 2014, Wesley S. Spears filed a grievance complaint against the defendant, Attorney Joseph Elder, alleging that the defendant had engaged in professional misconduct in 2004. A reviewing committee of the Statewide Grievance Committee conducted a hearing on the grievance complaint and found by clear and convincing evidence that the defendant had violated certain of the Rules of Professional Conduct. The reviewing committee also directed the plaintiff, the Disciplinary Counsel, to bring this presentment action against the defendant. After the plaintiff brought this action in 2015, the defendant filed a motion to dismiss, claiming that the action was barred by § 2-32 (a) (2) (E). The trial court concluded that the time limitation set forth in § 2-32 (a) (2) (E) is not mandatory and denied the motion to dismiss. After a trial to the court, the trial court concluded that the defendant had violated certain of the Rules of Professional Conduct and ordered that the defendant be suspended from the practice of law for a period of one year. The defendant then filed this appeal.[2] We conclude that § 2-32 (a) (2) (E) bars grievance complaints that are not brought within the six year limitation period unless one of the exceptions set forth in § 2-32 (a) (2) (E) (i) or (ii) applies. Because none of these exceptions applies in the present case, we reverse the judgment of the trial court and remand the case to that court with direction to grant the defendant's motion to dismiss.

The record reveals the following procedural history and facts that were found by the trial court or that are undisputed. On July 26, 2004, two police officers with the Plainville Police Department were directed to secure the residence of a suspect while an arrest warrant was obtained. The suspect called his attorney from his cell phone from outside his residence. After speaking to his attorney, the suspect forced his way into the residence. The police officers followed the suspect into his residence, discovered him attempting to hide or destroy contraband and arrested him.

Dean Cyr, a sergeant with the Plainville Police Department, arrived at the suspect's residence shortly after his arrest. The suspect told Cyr that he had entered the residence on the advice of counsel, but he did not provide the name of his attorney. When the suspect's cell phone rang, Cyr took possession of it and answered the incoming call. The caller then hung up.

The next day, July 27, 2004, Cyr called the last telephone number that appeared on the call list of the

suspect's cell phone and posed as a prospective client. The defendant answered the phone and identified himself as Spears. On August 25, 2004, Cyr again called the same telephone number from a telephone at the Plainville Police Department. The call was recorded. When the defendant answered the telephone, the following exchange took place:

"[The Defendant]: Hello.

"[Cyr]: Attorney Spears?

"[The Defendant]: Who?

"[Cyr]: Attorney Spears?

"[The Defendant]: Yes."

Cyr then identified himself and told the defendant that he was going to apply for a warrant for his arrest and file a grievance complaint in connection with the incident on July 26, 2004.

Thereafter, Cyr filed an application for an arrest warrant for Spears, which was denied. Cyr also filed a grievance complaint against Spears.[3] Upon reviewing the grievance complaint, Spears noticed that the telephone number that Cyr had called was not his. When Spears called the telephone number, Deborah Pizzonia answered. Pizzonia told Spears that the telephone number had only recently been assigned to her, and that she had been receiving numerous telephone calls for the defendant. Several weeks later, Spears asked the defendant if he had impersonated him, and the defendant denied that he had.

Spears ultimately filed an action against Cyr and the town of Plainville.[4] During the course of the ensuing litigation, Spears took Cyr's deposition and obtained a recording of the August 25, 2004 telephone conversation between Cyr and the defendant. Thereafter, Spears brought a civil action against the defendant, alleging, inter alia, impersonation and defamation. The trial court rendered judgment in favor of Spears in that action, and the judgment was affirmed by the Appellate Court. See *Spears* v. *Elder*, 124 Conn. App. 280, 281, 5 A.3d 500, cert. denied, 299 Conn. 913, 10 A.3d 528 (2010).

On April 4, 2014, Spears filed a grievance complaint against the defendant pursuant to Practice Book § 2-32, which was referred to a reviewing committee. Although the grievance complaint is not part of the record before this court, it appears that Spears claimed that the defendant's conduct in identifying himself as Spears during the 2004 telephone conversations with Cyr and the defendant's subsequent denial to Spears that he had impersonated Spears were the basis for the complaint. After conducting an evidentiary hearing, the reviewing committee concluded that the defendant had violated rules 4.1 (1)[5] and 8.4 (3)[6] of the Rules of Professional Conduct and directed the plaintiff to file a presentment action in the Superior Court.

Pursuant to the direction of the reviewing committee, the plaintiff brought this presentment action. Thereafter, the defendant filed a motion to dismiss the action on the ground that it was barred by the six year limitation period set forth in Practice Book § 2-32 (a) (2) (E). The trial court denied the defendant's motion to dismiss. In the order denying the motion, the court stated that "[§ 2-32 (a) (2) (E)] does not operate as a statute of limitations and does not affect the court's jurisdiction. The section provides that a complaint shall be dismissed if the misconduct occurred more than six years prior 'if deemed appropriate.' As such, it is not mandatory, and the [defendant's] motion is denied."

The presentment action was tried to the court, which concluded that the defendant had violated rules 4.1 and 8.4 of the Rules of Professional Conduct by misrepresenting himself to a third person in the course of his representation of a client. As a sanction, the trial court ordered that the defendant be suspended from the practice of law for a period of one year.

This appeal followed. The defendant claims that the trial court incorrectly concluded that the time limitation set forth in Practice Book § 2-32 (a) (2) (E) is discretionary and improperly denied his motion to dismiss.[7] We agree.

We begin with the standard of review. "The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010). "In seeking to determine [the] meaning [of a statute or a rule of practice, we] . . . first . . . consider the text of the statute [or rule] itself and its relationship to other statutes [or rules]." (Internal quotation marks omitted.) *Thomas* v. *Dept. of Developmental Services*, 297 Conn. 391, 399, 999 A.2d 682 (2010).

Accordingly, we turn to the provisions of Practice Book § 2-32. Under that rule, complaints against attorneys are filed with the statewide bar counsel. Practice Book § 2-32 (a). After reviewing the complaint, the statewide bar counsel can either forward the complaint to a grievance panel in the judicial district in which the respondent maintains his or her principal office or residence (local grievance panel) for investigation; Practice Book § 2-32 (a) (1); or the statewide bar counsel can refer the complaint to the chair of the Statewide Grievance Committee, or an attorney designee of the chair, and to a nonattorney member of the Statewide Grievance Committee, and those persons, in conjunction with the statewide bar counsel (collectively

referred to hereinafter as the screening panel) will then make a determination as to whether the complaint should be dismissed on specified grounds. Practice Book § 2-32 (a) (2). Practice Book § 2-32 (a) (2) provides in relevant part that the screening panel "shall, if deemed appropriate, dismiss the complaint" if "(E) the complaint alleges that the last act or omission constituting the alleged misconduct occurred more than six years prior to the date on which the complaint was filed . . . ." Practice Book § 2-32 (a) (2) (E) (i) provides: "Notwithstanding the period of limitation set forth in this subparagraph, an allegation of misconduct that would constitute a violation of Rule 1.15, 8.1 or 8.4 (2) through (6) of the Rules of Professional Conduct may still be considered as long as a written complaint is filed within one year of the discovery of such alleged misconduct." Practice Book § 2-32 (a) (2) (E) (ii) provides: "Each period of limitation in this subparagraph is tolled during any period in which: (1) the alleged misconduct remains undiscovered due to active concealment; (2) the alleged misconduct would constitute a violation of Rule 1.8 (c) and the conditions precedent of the instrument have not been satisfied; (3) the alleged misconduct is part of a continuing course of misconduct; or (4) the aggrieved party is under the age of majority, insane, or otherwise unable to file a complaint due to mental or physical incapacitation."

We conclude that the most reasonable interpretation of this rule is that the judges of the Superior Court intended that the six year period of limitation set forth in Practice Book § 2-32 (a) (2) (E) would bar any untimely complaints unless one of the exceptions set forth in subparagraph (i) or (ii) applies. We can think of no reason why our judges would expressly impose a specific period of limitation and then effectively eviscerate that limitation period by conferring unfettered discretion on the screening panel to ignore it. If that had been their intent, the judges of the Superior Court could have simply stated that untimeliness may constitute a reason for dismissal if deemed appropriate by the screening panel. Indeed, § 2-32 (a) (2) (E) (i) expressly refers to the six year period as a "period of limitation . . . ." Accordingly, it is reasonable to conclude that the "if deemed appropriate" language of § 2-32 (a) (2) was merely intended to recognize that the equitable exceptions set forth in § 2-32 (a) (2) (E) (i) and (ii), as well as the grounds for dismissal set forth in § 2-32 (a) (2) (A), (B), (C), (D), (F), (G), (H), (I) and (J) may require the screening panel to exercise discretion in determining whether the provisions apply. If there is no claim that one of the enumerated exceptions to § 2-32 (a) (2) (E) applies, however, then, even though § 2-32 (a) (2) does not expressly provide that the screening panel must dismiss a claim that is untimely under § 2-32 (a) (2) (E), untimely claims are categorically barred.

Similarly, although Practice Book § 2-32 (a) (2) does

not expressly require the statewide bar counsel to refer a complaint to a screening panel if one of the grounds for dismissal exists, to conclude that the statewide bar counsel has unfettered discretion to ignore the rule would render it meaningless. Of course, we do not read rules of practice in such a manner if there is a reasonable construction that gives meaning to the language at issue. Accordingly, we conclude that the most reasonable interpretation of the rule is that the statewide bar counsel is obliged to refer a complaint to a screening panel if there is a reasonable likelihood that the complaint could be dismissed on one of the grounds specified in § 2-32 (a) (2), and the screening panel must dismiss the complaint if it determines that one of those grounds exists.

The conclusion that Practice Book § 2-32 does not confer unfettered discretion on the statewide bar counsel to refer a complaint to a screening panel or on a screening panel to determine whether the complaint should be dismissed necessarily implies that the defendant is not barred from seeking review of those decisions at a later stage of the proceedings, that is, in the proceedings before the grievance panel or reviewing committee, in an appeal of the ultimate decision on the grievance complaint pursuant to Practice Book § 2-38, or in a presentment action brought pursuant to Practice Book § 2-47. Again, to conclude that these decisions are unreviewable would effectively render the protections provided by § 2-32 (a) (2) meaningless. We therefore construe § 2-32 (a) (2) merely to provide a procedure by which the complaint can be dismissed early in the process, in the interest of conserving time and resources, and that the decisions of the statewide bar counsel and the screening panel are not final, unreviewable determinations.

Our determination that the time limitation set forth in Practice Book § 2-32 (a) (2) (E) is mandatory finds support in the underlying purpose of disciplinary proceedings, which is "to preserve public confidence in the system and to protect the public and the court from unfit practitioners." *Massameno* v. *Statewide Grievance Committee*, 234 Conn. 539, 554, 663 A.2d 317 (1995). The purpose is not to punish the attorney. E.g., *Statewide Grievance Committee* v. *Shluger*, 230 Conn. 668, 675, 646 A.2d 781 (1994). When an attorney has not engaged in any professional misconduct for six years prior to the date that a grievance complaint has been filed, and none of the exceptions set forth in § 2-32 (a) (2) (E) (i) or (ii) applies, it reasonably may be presumed that the attorney does not pose a continuing danger to the public or the court. Our interpretation is also bolstered by the policies underlying limitation periods generally, "namely, to prevent the unexpected enforcement of stale claims and the impairment of proof wrought by lost witnesses and/or evidence." *Flannery* v. *Singer Asset Finance Co., LLC*, 312 Conn. 286, 309

n.23, 94 A.3d 553 (2014).

In support of its claim to the contrary, the plaintiff relies on this court's decision in *Johnson* v. *Statewide Grievance Committee*, 248 Conn. 87, 726 A.2d 1154 (1999). In that case, the plaintiff, Attorney Neil Johnson, brought an action in the Superior Court seeking an injunction prohibiting further proceedings in connection with a grievance complaint. Id., 93–94. Johnson claimed that a reviewing subcommittee had improperly denied his motion to dismiss the complaint on the ground that it was duplicative of two prior dismissed complaints and that it, therefore, should have been dismissed pursuant to Practice Book § 2-32 (a) (2) (D). Id., 92–93. The trial court dismissed the action on the ground that Johnson had failed to exhaust his administrative remedies by completing the grievance procedure. Id., 94. On appeal, Johnson claimed, among other things, that he was excused from exhausting his administrative remedies because his due process rights were violated when the statewide bar counsel failed to follow the procedural rules governing grievance complaints by failing to forward the grievance complaint to a screening panel as provided by § 2-32 (a) (2) (D). Id., 105. This court rejected that claim, stating that "nothing in . . . § 2-32 mandates that the statewide bar counsel refer an allegedly duplicative complaint for preliminary screening under . . . § 2-32 (a) (2). Furthermore, an attorney who is the subject of a duplicative complaint does not have an absolute right, under . . . § 2-32 (a) (2) (D), to dismissal of that complaint. On the contrary . . . § 2-32 (a) (2) provides that a complaint shall be dismissed only '*if deemed appropriate*' . . . by the [screening panel]. Because the statewide bar counsel acted properly in referring the matter to a grievance panel under . . . § 2-32 (a) (2) (D), [Johnson's] due process claim must fail." (Emphasis in original.) Id., 105–106.

We acknowledge that this language, considered in isolation, arguably supports the plaintiff's position in the present case that the statewide bar counsel and screening panels have complete discretion in applying the provisions of Practice Book § 2-32 (a) (2). The issue that the defendant has raised in the present case, however—whether the decision of the statewide bar counsel to refer a complaint to a screening panel pursuant to § 2-32 (a) (2) and the decision of the screening panel whether to dismiss the complaint are reviewable *in later proceedings*—simply was not before the court in *Johnson*. Rather, the court in *Johnson* held only that the grieved attorney's right to have the complaint referred to a screening panel for a determination as to whether it should be dismissed when there is a reasonable likelihood that a dismissal on one of the specified grounds would be appropriate is *not immediately enforceable* by the courts; to the contrary, the grieved attorney is required to exhaust his administrative reme-

dies.[8] To the extent that the language in *Johnson* supports the plaintiff's position, we now expressly disavow any suggestion that the decision of the statewide bar counsel not to refer a grievance complaint to a screening panel pursuant to § 2-32 (a) (2) is essentially unreviewable. Rather, as we have concluded, that decision, and the decision of a screening panel to which a complaint has been referred, may be reviewed upon motion by the grieved attorney at any subsequent stage of the process, even though the rules do not expressly provide for such a procedure.

Accordingly, we conclude that, if a screening panel improperly fails to dismiss a grievance complaint when one of the grounds for dismissal set forth in Practice Book § 2-32 (a) (2) exists, or if the statewide bar counsel improperly fails to refer a grievance complaint to a screening panel, those actions are reviewable during the proceedings on the grievance complaint, in an appeal brought pursuant to Practice Book § 2-38, or in a presentment action brought pursuant to Practice Book § 2-47.[9] If the trial court determines that the grievance complaint should have been referred to a screening panel and dismissed, that would be a ground for sustaining the appeal or dismissing the presentment.

In the present case, the sole reason that the trial court gave for denying the defendant's motion to dismiss was that the six year limitation period set forth in Practice Book § 2-32 (a) (2) (E) is not mandatory.[10] Because we have concluded that the limitation period is mandatory unless one of the exceptions set forth in § 2-32 (a) (2) (E) (i) or (ii) applies, we conclude that the trial court improperly denied the defendant's motion to dismiss.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to dismiss the complaint.

In this opinion the other justices concurred.

[1] Practice Book § 2-32 provides in relevant part: "(a) Any person, including disciplinary counsel, or a grievance panel on its own motion, may file a written complaint, executed under penalties of false statement, alleging attorney misconduct whether or not such alleged misconduct occurred in the actual presence of the court. Complaints against attorneys shall be filed with the statewide bar counsel. Within seven days of the receipt of a complaint, the statewide bar counsel shall review the complaint and process it in accordance with subdivisions (1), (2) or (3) of this subsection as follows:

"(1) forward the complaint to a grievance panel in the judicial district in which the respondent maintains his or her principal office or residence, provided that, if the respondent does not maintain such an address in this state, the statewide bar counsel shall forward the complaint to any grievance panel and notify the complainant and the respondent, by certified mail with return receipt or with electronic delivery confirmation, of the panel to which the complaint was sent. The notification to the respondent shall be accompanied by a copy of the complaint. The respondent shall respond within thirty days of the date notification is mailed to the respondent unless for good cause shown such time is extended by the grievance panel. The response shall be sent to the grievance panel to which the complaint has been referred. The failure to file a timely response shall constitute misconduct unless the respondent establishes that the failure to respond timely was for good cause shown;

"(2) refer the complaint to the chair of the statewide grievance committee or an attorney designee of the chair and to a nonattorney member of the

committee, and the statewide bar counsel in conjunction with the chair or attorney designee and the nonattorney member shall, if deemed appropriate, dismiss the complaint on one or more of the following grounds:

"(A) the complaint only alleges a fee dispute and not a clearly excessive or improper fee;

"(B) the complaint does not allege facts which, if true, would constitute a violation of any provision of the applicable rules governing attorney conduct;

"(C) the complaint does not contain sufficient specific allegations on which to conduct an investigation;

"(D) the complaint is duplicative of a previously adjudicated complaint;

"(E) the complaint alleges that the last act or omission constituting the alleged misconduct occurred more than six years prior to the date on which the complaint was filed;

"(i) Notwithstanding the period of limitation set forth in this subparagraph, an allegation of misconduct that would constitute a violation of Rule 1.15, 8.1 or 8.4 (2) through (6) of the Rules of Professional Conduct may still be considered as long as a written complaint is filed within one year of the discovery of such alleged misconduct.

"(ii) Each period of limitation in this subparagraph is tolled during any period in which: (1) the alleged misconduct remains undiscovered due to active concealment; (2) the alleged misconduct would constitute a violation of Rule 1.8 (c) and the conditions precedent of the instrument have not been satisfied; (3) the alleged misconduct is part of a continuing course of misconduct; or (4) the aggrieved party is under the age of majority, insane, or otherwise unable to file a complaint due to mental or physical incapacitation.

"(F) the complaint alleges misconduct occurring in a superior court, appellate court or supreme court action and the court has been made aware of the allegations of misconduct and has rendered a decision finding misconduct or finding that either no misconduct has occurred or that the allegations should not be referred to the statewide grievance committee;

"(G) the complaint alleges personal behavior outside the practice of law which does not constitute a violation of the Rules of Professional Conduct;

"(H) the complaint alleges the nonpayment of incurred indebtedness;

"(I) the complaint names only a law firm or other entity and not any individual attorney, unless dismissal would result in gross injustice. If the complaint names a law firm or other entity as well as an individual attorney or attorneys, the complaint shall be dismissed only as against the law firm or entity;

"(J) the complaint alleges misconduct occurring in another jurisdiction in which the attorney is also admitted and in which the attorney maintains an office to practice law, and it would be more practicable for the matter to be determined in the other jurisdiction. If a complaint is dismissed pursuant to this subdivision, it shall be without prejudice and the matter shall be referred by the statewide bar counsel to the jurisdiction in which the conduct is alleged to have occurred. . . ."

[2] The defendant appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] The grievance complaint against Spears was ultimately dismissed.

[4] The record does not reveal the basis for the action or its disposition.

[5] Rule 4.1 of the Rules of Professional Conduct provides in relevant part: "In the course of representing a client a lawyer shall not knowingly:

"(1) Make a false statement of material fact or law to a third person . . . ."

[6] Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to:

* * *

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

[7] The defendant further contends that, if the grievance complaint was not barred by Practice Book § 2-32 (a) (2) (E), the trial court incorrectly concluded that he had violated the Rules of Professional Conduct. Because we agree with the defendant that the complaint was time barred, we need not address this claim.

We note that there is no indication in the record that the defendant raised the claim that the complaint was barred by Practice Book § 2-32 (a) (2) (E) in the grievance proceedings. Because a presentment proceeding in the trial court is de novo; e.g., *Statewide Grievance Committee* v. *Egbarin*, 61 Conn. App. 445, 453, 767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001); the record of the grievance proceedings was not before the trial court and it is not before this court. The plaintiff makes no claim, however, that the

defendant's claim is unreviewable because he failed to raise it in the grievance proceedings. Accordingly, we review the claim.

[8] Admittedly, in *Johnson*, the court stated that "the statewide bar counsel acted properly in referring the matter to a grievance panel under . . . Practice Book § 2-32 (a) (2) (D)"; *Johnson* v. *Statewide Grievance Committee*, supra, 248 Conn. 106; thereby suggesting that there was no reason for further review because it is within the unfettered discretion of the statewide bar counsel either to forward the complaint to the grievance panel or to refer it to a screening panel. Although this language was perhaps unclear or misleading, it is apparent that the court was merely attempting to make the point that the statewide bar counsel had not simply ignored the procedures set forth in § 2-32 but had followed those procedures, albeit under the mistaken belief that the rule conferred total discretion in doing so. While a complete disregard of the prescribed procedures might constitute a due process violation warranting immediate review, an abuse of discretion in applying the prescribed procedures that is reviewable in later proceedings does not.

[9] We recognize that the Appellate Court has stated that "Practice Book § 2-32 [a] (2) (E) applies only to complaints filed with the statewide grievance committee and not with the Superior Court." *Ankerman* v. *Mancuso*, 79 Conn. App. 480, 484 n.4, 830 A.2d 388 (2003), aff'd, 271 Conn. 772, 860 A.2d 244 (2004). *Ankerman*, however, is distinguishable because it did not involve a grievance complaint but, rather, an action brought by an attorney against a former client to recover payment on a promissory note secured by a mortgage. See id., 481–82. The former client claimed that the note was unenforceable because the attorney had violated the Rules of Professional Conduct by placing a mortgage on a property that was the subject of an appeal that the attorney was litigating on the former client's behalf. Id., 483. Because the case did not involve an appeal from a grievance proceeding or a presentment action, there was no complaint that could be subject to dismissal under § 2-32 (a) (2) (E). Moreover, the Appellate Court's statement was dictum because the court ultimately concluded that a violation of the Rules of Professional Conduct cannot be raised as a special defense in an action brought by an attorney. See id., 486. In addition, the court noted that the plaintiff had not adequately briefed any claim that § 2-32 (a) (2) (E) applies in actions before the Superior Court. Id., 484 n.4. We note, finally, that, although the plaintiff cited *Ankerman* at trial in arguing against the defendant's motion to dismiss, it has not cited the case on appeal.

[10] At oral argument before this court, the plaintiff contended that the trial court's decision may be affirmed on the alternative ground that the defendant engaged in a continuing course of misconduct for purposes of Practice Book § 2-32 (a) (2) (E) (ii) (3). Our review of the record reveals, however, that the plaintiff, in arguing in opposition to the defendant's motion to dismiss before the trial court, claimed only that the time limitation set forth in § 2-32 (a) (2) (E) is discretionary and that, under *Ankerman* v. *Mancuso*, 79 Conn. App. 480, 484 n.4, 830 A.2d 388 (2003), aff'd, 271 Conn. 772, 860 A.2d 244 (2004), the time limitation may not be invoked in proceedings before the trial court. See footnote 9 of this opinion. Accordingly, the record is devoid of any factual findings concerning the plaintiff's course of conduct claim. Moreover, this court ordinarily will not affirm a judgment on an alternative ground that was not raised in the trial court. See, e.g., *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 142, 84 A.3d 840 (2014).