******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPH S. ELDER *v.* MATTHEW
KAUFFMAN ET AL.
(AC 43513)

Bright, C. J., and Alvord and Bellis, Js.

*Syllabus*

The plaintiff attorney sought damages from the defendant reporter, K, and
the defendant publisher, C Co., for, inter alia, defamation in connection
with articles written by K and published by C Co. The articles related
to certain a disciplinary proceeding brought against the plaintiff in the
Superior Court that resulted in his suspension from the practice of law
for one year. Our Supreme Court reversed the order of the Superior
Court on the ground that the proceeding was untimely commenced. The
plaintiff alleged in this action that articles published by the defendants
in 2015 after his suspension, and an article published in 2017 after our
Supreme Court reversed that decision, were defamatory because they
stated that he had "impersonated" another attorney. The trial court
granted the defendants' special motion to dismiss the complaint filed
pursuant to statute (§ 52-196a), holding that the publications were about
a matter of public concern and that the plaintiff's complaint was barred
by the doctrines of res judicata and collateral estoppel because he had
previously raised these claims and issues in prior litigation in federal
court and in state court. From the judgment rendered thereon, the
plaintiff appealed to this court. *Held*:

1. The plaintiff's claim that the trial court erred in dismissing his complaint
   on the ground that it was barred by the doctrine of res judicata, which
   was based on his claim that res judicata does not apply to a special
   motion to dismiss, was unavailing: the application of the doctrine of
   res judicata to the present case necessarily would meet or exceed the
   proof requirements of § 52-196a (e) (3) because it would establish, as
   a matter of law, that the plaintiff could not establish that there was
   probable cause that he would prevail on the merits of the complaint;
   moreover, if the plaintiff unsuccessfully litigated in his prior actions an
   issue necessary to his success in this action, he would be precluded
   from relitigating that issue and, therefore, could not establish probable
   cause that he would prevail in this action; consequently, collateral estop-
   pel was an appropriate defense to consider in the context of a § 52-
   196a motion to dismiss.

2. The doctrine of collateral estoppel barred the plaintiff's claims: although
   this court generally agreed with the plaintiff that res judicata did not
   apply to the allegations of his complaint concerning the article published
   in 2017, because those allegations related to an article published two
   years after the articles at issue in previous litigation, collateral estoppel
   barred his claims because the issues presented in the complaint were
   substantially identical to issues previously litigated before the federal
   and state courts that decided his claims; in his complaint, the plaintiff
   alleged that the 2017 publication used the word "impersonation" to
   describe his conduct and that the use of this word evidenced malice,
   and, in his prior complaints in both federal and state courts, he had
   also alleged that the use of the word impersonation in the 2015 publica-
   tions was defamatory, and both of those courts rejected that claim,
   holding that such a description of the plaintiff's conduct was fair and
   accurate.

3. The plaintiff could not prevail on his claim that § 52-196a was unconstitu-
   tional as applied in this case because its application infringed on his
   state constitutional rights to redress and a trial by jury; this court, having
   recently addressed substantially the same claim in *Elder* v. *21st Century
   Media Newspaper, LLC* (204 Conn. App. 414), adopted the reasoning
   contained therein.

Argued January 13—officially released May 25, 2021

*Procedural History*

Action to recover damages for, inter alia, defamation,

and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Moukawsher, J.*, granted the defendants' special motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Joseph S. Elder*, self-represented, the appellant (plaintiff).

*William S. Fish, Jr.*, with whom was *Alexa T. Millinger*, for the appellees (defendants).

*Opinion*

BRIGHT, C. J. The plaintiff, Joseph S. Elder, appeals from the judgment of the trial court dismissing, on the grounds of res judicata and collateral estoppel, his complaint alleging defamation and invasion of privacy brought against the defendants, Matthew Kauffman and The Hartford Courant Company, LLC (Courant). On appeal, the plaintiff claims that the court improperly granted the defendants' special motion to dismiss because (1) res judicata is not applicable to the anti-SLAPP[1] statute, General Statutes § 52-196a,[2] (2) res judicata is not applicable to this case, and (3) § 52-196a is unconstitutional as applied in this case because its application infringed on his state constitutional rights to redress and to a trial by a jury. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The plaintiff, who is an attorney licensed to practice law in Connecticut, brought this action against the Courant and Kauffman, who is a reporter at the Courant. In his two count complaint, the plaintiff alleged against both defendants claims of defamation and "false light" invasion of privacy. The allegations in the complaint stem from the defendants' publication of articles related to disciplinary proceedings that had been brought in the Superior Court against the plaintiff on the basis of his giving a false name to the police (presentment). The presentment resulted in the Superior Court suspending the plaintiff from the practice of law for one year. The plaintiff, thereafter, appealed from the order of suspension, and our Supreme Court reversed the order of the Superior Court specifically on the ground that the presentment had been untimely commenced. See *Disciplinary Counsel* v. *Elder*, 325 Conn. 378, 382, 159 A.3d 220 (2017). In his complaint in the present case, the plaintiff alleged that articles published by the defendants in 2015, after the Superior Court rendered its decision suspending the plaintiff from the practice of law for one year, and an article published after our Supreme Court reversed that decision in 2017 (2017 publication), were defamatory and portrayed him in a false light by stating that he had " 'impersonated' " another attorney.

In response to the plaintiff's complaint, the defendants, pursuant to § 52-196a, filed a special motion to dismiss the complaint. On August 27, 2019, the court, *Moukawsher, J.*, granted the defendants' motion, concluding that the publications were about matters of public concern and that the plaintiff's complaint was barred by the doctrines of res judicata and collateral estoppel because the plaintiff had raised these claims and issues, or could have raised these claims and issues, previously in federal court; see *Elder* v. *Tronc, Inc.*, United States District Court, Docket No. 3:17-CV-01285

(WWE) (D. Conn. July 2, 2018) (claims of defamation and invasion of privacy dismissed on ground that fair and accurate publications discussing plaintiff's disciplinary suspension were protected by fair report privilege); and in state court. See *Elder* v. *21st Century Media Newspaper, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-17-6081368-S (February 14, 2019), which recently was affirmed by this court in *Elder* v. *21st Century Media Newspaper, LLC*, 204 Conn. App. 414, 425–26,    A.3d    (2021) (after comparing publications to suspension decision, this court determined, inter alia, that trial court correctly concluded that publications were protected by fair report privilege, that use of word " 'impersonated' " to describe plaintiff's conduct was based in fact, and that plaintiff failed to provide support for assertion that fair report privilege is inconsistent with article first, § 10, of Connecticut constitution). Following the plaintiff's motion to reargue, which was denied by the trial court, the plaintiff commenced the present appeal.

I

The plaintiff claims that the trial court erred in dismissing his complaint on the ground that it was barred by the doctrine of res judicata. He argues that res judicata is not applicable to a special motion to dismiss filed pursuant to § 52-196a, and that res judicata may be asserted only as a special defense. We disagree.

"Statutory construction . . . presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Larmel* v. *Metro North Commuter Railroad Co.*, 200 Conn. App. 660, 670, 240 A.3d 1056, cert. granted, 335 Conn. 972, 240 A.3d 676 (2020). "Where a party files a complaint . . . against an opposing party that is based upon the opposing party's exercise of its right of free speech, right to petition the government, or right of association under the federal or state constitution in connection with a matter of public concern, the opposing party may file a special motion to dismiss. A special motion to dismiss is to be filed no later than thirty days after the return date of the complaint or the filing of such counterclaim or [cross claim]." T. Merritt, 16A Connecticut Practice Series: Elements of an Action (2020) § 14:13, pp. 226–27; see also Practice Book § 10-30.

We agree with the plaintiff that res judicata properly is raised by means of a special defense and that it generally is not raised by a motion to dismiss. See *Larmel* v. *Metro North Commuter Railroad Co.*, supra, 200 Conn. App. 670 n.9 ("[t]he proper procedure by which to assert that a claim is barred by the doctrine of res judicata is to plead it as a special defense"). A special motion to dismiss filed pursuant to § 52-196a, however, is not a traditional motion to dismiss based on a jurisdictional ground. It is, instead, a truncated evidentiary procedure enacted by our legislature in order to achieve

a legitimate policy objective, namely, to provide for a prompt remedy. See *Fishman* v. *Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 355–56, 494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57 (1985), and cert. denied, 197 Conn. 807, 499 A.2d 57 (1985). It is, in this respect, similar to a motion for summary judgment.

Pursuant to § 52-196a, "[w]hen ruling on a special motion to dismiss, the court shall consider pleadings and supporting and opposing affidavits of the parties attesting to the facts upon which liability or a defense, as the case may be, is based." General Statutes § 52-196a (e) (2). A special motion to dismiss shall be granted "if the moving party makes an initial showing, by a preponderance of the evidence, that the opposing party's complaint . . . is based on the moving party's exercise of its right of free speech . . . in connection with a matter of public concern, unless the party that brought the complaint . . . sets forth with particularity the circumstances giving rise to the complaint . . . and demonstrates to the court that there is probable cause, considering all valid defenses, that the party will prevail on the merits of the complaint . . . ." General Statutes § 52-196a (e) (3). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Emphasis omitted; internal quotation marks omitted.) *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 175, 474 A.2d 795 (1984). Proof of probable cause is not as demanding as proof by preponderance of the evidence. See *TES Franchising, LLC* v. *Feldman*, 286 Conn. 132, 137, 943 A.2d 406 (2008).

Whether res judicata properly may be raised as a ground for a § 52-196a motion to dismiss depends on whether the establishment of res judicata in the particular case could meet the proof requirements of § 52-196a (e) (3). In other words, the application of res judicata to the plaintiff's cause of action necessarily would have to establish, "by a preponderance of the evidence, that the [plaintiff's] . . . complaint . . . is based on the moving party's exercise of its right of free speech . . . in connection with a matter of public concern" and that the plaintiff failed to establish "that there is probable cause, considering all valid defenses, that [he] will prevail on the merits of the complaint . . . ." General Statutes § 52-196a (e) (3).

Although § 52-196a (e) (3) requires that the plaintiff only establish probable cause that he will prevail, we conclude that the application of the doctrine of res judicata, if properly applied to the present case, necessarily would meet or exceed the proof requirements of § 52-196a (e) (3) because it would establish, *as a matter of law*, that the plaintiff would be unable to establish "that there is probable cause, considering all valid

defenses, that [he] will prevail on the merits of the complaint . . . ." See General Statutes § 52-196a (e) (3). Put another way, if the plaintiff failed to establish his entitlement to relief in prior actions in which he asserted or could have asserted the same claims brought in this action, he has *no possibility* of succeeding in this action and, therefore, cannot establish probable cause that he will prevail on the merits of his complaint. Accordingly, we are not persuaded that res judicata cannot be argued in support of a special motion to dismiss filed pursuant to § 52-196a.

The same analysis applies to the doctrine of collateral estoppel, or issue preclusion, on which the court also relied in granting the defendants' special motion to dismiss. "[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." (Internal quotation marks omitted.) *Doyle* v. *Universal Underwriters Ins. Co.*, 179 Conn. App. 9, 14, 178 A.3d 445 (2017). If the plaintiff unsuccessfully litigated in the prior actions an issue necessary to his success in this action, he is precluded from relitigating that issue and, therefore, cannot establish probable cause that he will prevail in this action. Consequently, collateral estoppel is an appropriate defense to consider in the context of a special motion to dismiss filed pursuant to § 52-196a.

## II

The plaintiff next claims that, even if we determine that res judicata could be applicable to § 52-196a, the court in the present case improperly granted the defendants' special motion to dismiss because res judicata is not applicable under the particular facts of this case. The defendants argue that both res judicata and collateral estoppel apply in this case. We conclude that collateral estoppel bars the plaintiff's claims.

The following background information, as recently set forth in *Elder* v. *21st Century Media Newspaper, LLC*, supra, 204 Conn. App. 414, is relevant to our analysis. "On August 1, 2015, the Hartford Courant published an article titled, 'Attorney Suspended for a Year.' . . . That article was written by . . . Kauffman, and it summarized the suspension decision. The opening paragraph read, 'Joseph Elder, a Hartford attorney who

impersonated a fellow lawyer 11 years ago, spawning a long-running feud between the pair, will be barred from practicing law for a year, a Superior Court judge has ruled.' . . .

"On May 2, 2017, nearly two years after the publication of the 2015 articles, our Supreme Court reversed the suspension decision on statute of limitations grounds. See *Disciplinary Counsel* v. *Elder*, [supra, 325 Conn. 393]. Kauffman wrote an additional article detailing the Supreme Court's decision. . . . In August, 2017, the plaintiff commenced [an] action by way of a nineteen count complaint dated July 27, 2017, against ten defendants claiming that they defamed him by publishing the 2015 articles. Specifically, the plaintiff argued that the 2015 articles' use of the word 'impersonating' to describe his actions was 'false, misleading and defamatory,' and that the 2015 articles failed to 'mention that the caller intentionally lied about his identity and that he was posing as a drug dealing criminal defendant, never identifying himself as an investigating police officer,' which, the plaintiff argued, 'painted an incomplete and misleading account of the incident . . . .' The plaintiff claimed that he 'sustained damages, and continues to sustain damages, on account of said publications.' The plaintiff filed an amended complaint dated September 27, 2017, in which he brought counts against each defendant for defamation and false light invasion of privacy. The counts alleged that (1) the defendants published substantially similar defamatory statements in the 2015 articles when reporting on the disciplinary actions and the suspension decision and (2) the 2015 articles constituted an invasion of his privacy." (Citations omitted; footnotes omitted.) *Elder* v. *21st Century Media Newspaper, LLC*, supra, 204 Conn. App. 417–18. The Superior Court rendered summary judgment on behalf of the defendants in that action, holding that the fair report privilege barred the plaintiff's claims. Id., 418. This court recently affirmed the judgment of the Superior Court. Id., 432.

In the present case, the plaintiff again alleged defamation and invasion of privacy in the defendants' reporting of the same incident, but he added allegations regarding the 2017 publication, an article written by Kauffman and published by the Courant concerning the May 2, 2017 Supreme Court decision that he had omitted from his previous cases. See id., 418 n.3 (noting that plaintiff did not allege that Kauffman's article regarding May 2, 2017 decision was defamatory).

The trial court in the present case reviewed the allegations in the plaintiff's complaint and compared them with the federal and state cases in which the plaintiff previously had alleged defamation and invasion of privacy on the basis of the 2015 publications, which discussed the disciplinary proceedings that had been brought against him. See *Elder* v. *Tronc, Inc.*, supra,

United States District Court, Docket No. 3:17-CV-01285 (WWE); *Elder* v. *21st Century Media Newspaper, LLC*, supra, Superior Court, Docket No. CV-17-6081368-S. The court recognized that the present complaint also contained an allegation that the defendants, in the 2017 publication, again, used the word " 'impersonat[ed]' " to describe the conduct of the plaintiff in identifying himself to the police as someone else, namely, Attorney Wesley Spears, in addition to setting forth allegations concerning the 2015 publications that had been the subject of the previous federal and state cases.

The court discussed the fact that both the federal and the state cases were commenced after the 2017 publication, but noted that the plaintiff had failed to include allegations concerning that publication in his previous complaints and that both decisions, although not citing directly to § 52-196a, held that the 2015 publications were a matter of public concern protected by the fair report privilege. See *Elder* v. *Tronc, Inc.*, supra, United States District Court, Docket No. 3:17-CV-01285 (WWE) (holding, in part, that "defendants' publications are protected by the fair report privilege"); *Elder* v. *21st Century Media Newspaper, LLC*, supra, Superior Court, Docket No. CV-17-6081368-S (same); see also *Elder* v. *21st Century Media Newspaper, LLC*, supra, 204 Conn. App. 424–27 (same). The court then held that, as had been determined in the previous cases, this "is a matter of public concern covered by the statute," that the "issues are settled now," and that the plaintiff's "claims in this case are barred by the doctrine of res judicata or claim preclusion." Accordingly, the court granted the defendants' special motion to dismiss the plaintiff's complaint.

The plaintiff now alleges that the court improperly dismissed his complaint on res judicata grounds because the "current action arises out of a newspaper article published [on] April 26, 2017, in the [Courant] . . . concerning a decision of the Connecticut Supreme Court which reversed the July 29, 2015 Superior Court decision," and that the complaint now includes allegations of malice.[3] The plaintiff does not argue that the court improperly ruled that the allegations involving the 2015 publication are barred by the doctrine of res judicata. Rather, he focuses only on the allegations regarding the 2017 publication. The defendants argue that the court correctly concluded that any claims regarding the 2017 publication are barred both by claim preclusion and issue preclusion because the claims could have been raised in the prior litigation and because the resolution of the issue of whether the publication of the 2015 articles was protected by the fair report privilege applies to the virtually identical 2017 publication.[4]

"Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a

subsequent action, between the parties or those in privity with them, upon the same claim." (Internal quotation marks omitted.) *Smigelski* v. *Kosiorek*, 138 Conn. App. 728, 735, 54 A.3d 584 (2012), cert. denied, 308 Conn. 901, 60 A.3d 287 (2013). "Generally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue. . . . Before collateral estoppel applies . . . there must be an identity of issues between the prior and subsequent proceedings. To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Citation omitted; internal quotation marks omitted.) *Rockwell* v. *Rockwell*, 196 Conn. App. 763, 769, 230 A.3d 889 (2020). "[T]he applicability of res judicata or collateral estoppel presents a question of law over which we employ plenary review." (Internal quotation marks omitted.) Id.

We generally agree with the plaintiff that res judicata does not apply to the allegations concerning the 2017 publication, authored by Kauffman, because those allegations do not involve the same underlying claim set forth in the previous cases.[5] See id. (fourth element of res judicata requires that "the same underlying claim . . . be at issue" (internal quotation marks omitted)). Those allegations relate to an article published two years after the articles at issue in the previous litigation.[6] We disagree, however, that collateral estoppel does not apply in the present case.

In his complaint, the plaintiff alleged that the 2017 publication again used the word "impersonation" to describe his conduct in identifying himself as someone else. He also alleged that the use of this word evidenced malice. In his previous complaints in both federal and in state court, the plaintiff had alleged that the use of the word impersonation in the 2015 publications was defamatory and an invasion of privacy. Both the federal District Court and this court rejected that claim and held that such a description of the plaintiff's conduct was "fair and accurate." See *Elder* v. *Tronc, Inc.*, supra, United States District Court, Docket No. 3:17-CV-01285 (WWE) (holding, in part, that "[t]he subject articles, which describe Elder as having impersonated another lawyer, were substantially fair and accurate reports of the Superior Court decision, and the headlines were fair representations of the articles"); *Elder* v. *21st Century Media Newspaper, LLC*, supra, 204 Conn. App. 427 (articles' representations that plaintiff " 'impersonat[ed]' " another lawyer were substantially accurate).

In *Elder* v. *21st Century Media Newspaper, LLC*, supra, 204 Conn. App. 427–28, this court also discussed

the plaintiff's allegation of malice set forth in the complaint in that case. This court held that, because "the 2015 articles were fair and accurate abridgements of the suspension decision, the plaintiff's claim of malice fails as a matter of law." Id., 428.

Because the issues presented in the current complaint substantially are identical to the issues previously litigated and decided by both the federal and the state courts; see *Rockwell* v. *Rockwell*, supra, 196 Conn. App. 769 ("issues sought to be litigated in the new proceeding must be identical to those considered [and decided] in the prior proceeding" (internal quotation marks omitted)); we conclude that the plaintiff's complaint is barred by the doctrine of collateral estoppel.

## III

The plaintiff's final claim is that § 52-196a is unconstitutional as applied in this case because its application infringed on his state constitutional rights to redress and to a trial by a jury. Having recently addressed substantially the same claim in *Elder* v. *21st Century Media Newspaper, LLC*, supra, 204 Conn. App. 428–32, we adopt the reasoning contained therein and reject the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation,' the 'distinctive elements of [which] are (1) a civil complaint (2) filed against a nongovernment individual (3) because of their communications to government bodies (4) that involves a substantive issue of some public concern. . . . The purpose of a SLAPP suit is to punish and intimidate citizens who petition state agencies and have the ultimate effect of chilling any such action.' " *Lafferty* v. *Jones*, 336 Conn. 332, 337 n.4, 246 A.3d 429 (2020), cert. denied,      U.S.      ,      S. Ct.      ,      L. Ed. 2d      (2021).

[2] General Statutes § 52-196a provides in relevant part: "(b) In any civil action in which a party files a complaint, counterclaim or cross claim against an opposing party that is based on the opposing party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, such opposing party may file a special motion to dismiss the complaint, counterclaim or cross claim.

"(c) Any party filing a special motion to dismiss shall file such motion not later than thirty days after the date of return of the complaint, or the filing of a counterclaim or cross claim described in subsection (b) of this section. The court, upon a showing of good cause by a party seeking to file a special motion to dismiss, may extend the time to file a special motion to dismiss.

"(d) The court shall stay all discovery upon the filing of a special motion to dismiss. The stay of discovery shall remain in effect until the court grants or denies the special motion to dismiss and any interlocutory appeal thereof. Notwithstanding the entry of an order to stay discovery, the court, upon motion of a party and a showing of good cause, or upon its own motion, may order specified and limited discovery relevant to the special motion to dismiss.

"(e) (1) The court shall conduct an expedited hearing on a special motion to dismiss. . . .

"(2) When ruling on a special motion to dismiss, the court shall consider pleadings and supporting and opposing affidavits of the parties attesting to the facts upon which liability or a defense, as the case may be, is based.

"(3) The court shall grant a special motion to dismiss if the moving party makes an initial showing, by a preponderance of the evidence, that the opposing party's complaint, counterclaim or cross claim is based on the moving party's exercise of its right of free speech, right to petition the

government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, unless the party that brought the complaint, counterclaim or cross claim sets forth with particularity the circumstances giving rise to the complaint, counterclaim or cross claim and demonstrates to the court that there is probable cause, considering all valid defenses, that the party will prevail on the merits of the complaint, counterclaim or cross claim.

"(4) The court shall rule on a special motion to dismiss as soon as practicable.

"(f) (1) If the court grants a special motion to dismiss under this section, the court shall award the moving party costs and reasonable attorney's fees, including such costs and fees incurred in connection with the filing of the special motion to dismiss.

"(2) If the court denies a special motion to dismiss under this section and finds that such special motion to dismiss is frivolous and solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to the party opposing such special motion to dismiss.

"(g) The findings or determinations made pursuant to subsections (e) and (f) of this section shall not be admitted into evidence at any later stage of the proceeding or in any subsequent action. . . ."

[3] The plaintiff also argues that the court made no findings that his complaint was based on the defendants' exercise of their right of free speech in connection with a matter of public concern. This argument requires little discussion. It was unnecessary for the court to explicitly find that a reporter and a newspaper's publication of a story reporting on a court proceeding constitutes the exercise of free speech. Such reporting is quintessential free speech. In addition, the court explicitly stated that the disciplinary proceeding on which the defendants reported "is a matter of public concern covered by the statute." It is indisputable that the public has an interest in being informed of the outcome of disciplinary proceedings involving attorneys licensed to practice law in this state.

[4] Although the trial court stated that the plaintiff's "claims in this case are barred by the doctrine of res judicata or claim preclusion," it also specifically stated that the "issues are settled now," and that the plaintiff could have brought these claims in his previous cases. We read the court's decision as holding that the complaint in this case is barred by both the doctrine of res judicata and the doctrine of collateral estoppel. "The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . *Effect must be given to that which is clearly implied as well as to that which is expressed.* . . . The judgment should admit of a consistent construction as a whole." (Emphasis in original; internal quotation marks omitted.) *Cimmino* v. *Marcoccia*, 332 Conn. 510, 522, 211 A.3d 1013 (2019).

[5] We note that the defendants did not argue in their special motion to dismiss that res judicata barred the plaintiff's claims based on the 2017 publication. Instead, before the trial court, they relied solely on the doctrine of collateral estoppel as to those claims.

[6] Because we conclude that collateral estoppel applies to bar the allegations regarding the 2017 publication, we also conclude that it is unnecessary to address the court's conclusion that res judicata barred the plaintiff's complaint because he could have brought these claims in his previous cases.

––––––––––––––––––